Submitted on record and briefs September 11, 1991, affirmed September 9, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# JULIE ANN DANIEL,
*Appellant.*

## (90P-3058; CA A68475)

836 P2d 1366

Joseph E. Penna, P.C., Monmouth, filed the brief for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Robert M. Atkinson, Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Deits and De Muniz, Judges.

PER CURIAM

## PER CURIAM

Defendant pled guilty to manslaughter in the first degree with a firearm. ORS 163.118(1)(a); ORS 161.610. She challenges the part of her sentence that requires her to repay $5,000 for court-appointed attorney fees. We affirm.

Defendant argues that the court did not inquire into her financial resources or her present or future ability to pay attorney fees, as required by ORS 161.665(3).[1] The state contends that defendant did not object and cannot, therefore, raise the issue on appeal.

Under ORS 161.665(1),(2), the court was authorized to impose payment of court appointed attorney fees as part of costs. On its face, defendant's sentence is within that authority and any error is not "apparent on the face of the record." ORAP 5.45(2); *see State v. Brown*, 310 Or 347, 800 P2d 259 (1990). Defendant did not object to the trial court's failure to comply with ORS 161.665(3), and we decline to address her argument for the first time on appeal.

Affirmed.

---

[1] ORS 161.665(3) provides:

"The court shall not sentence a defendant to pay costs unless the defendant is or may be able to pay them. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose."