Argued and submitted August 28, remanded for resentencing in part; otherwise affirmed September 30, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# CARL DAVID CHRISTMAN,
*Appellant.*

(90-CF-42; CA A70727)

838 P2d 1087

Eric R. Johansen, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Mary H. Williams, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Defendant was convicted of manslaughter in the second degree, ORS 163.125, failure to perform the duties of a driver to an injured person, ORS 811.705, three counts of recklessly endangering another person, ORS 163.195, and reckless driving. ORS 811.140.[1] The trial court pronounced the sentencing guidelines unconstitutional and refused to follow them. The state agrees with defendant that the court erred and that the sentences for manslaughter and failure to perform the duties of a driver must be remanded for resentencing under the guidelines. *State v. Spinney,* 109 Or App 573, 820 P2d 854 (1991), *rev dismissed* 313 Or 75 (1992); *see also State v. Evans,* 115 Or App 392, 838 P2d 1086 (1992).

Defendant also argues that the court erred in sentencing him to one year in jail on the conviction for recklessly endangering, a misdemeanor. Oregon Laws 1989, chapter 790, section 51, as amended by Oregon Laws 1991, chapter 830, section 9, provides that the maximum term of jail incarceration for a misdemeanor committed on or after November 1, 1989, shall not exceed six months unless the sentencing judge finds substantial and compelling reasons to impose a longer term. Defendant argues that the court did not make the required findings. However, he did not object at the time of sentencing, and the sentence imposed is within the limit for a misdemeanor sentence under ORS 161.615. The error, if any, is not apparent on the face of the record, ORAP 5.45(2), and we will not address the argument for the first time on appeal. *See State v. Daniel,* 115 Or App 177, 836 P2d 1366 (1992).

Remanded for resentencing for manslaughter in the second degree and failure to perform the duties of a driver; otherwise affirmed.

---

[1] The court merged the reckless driving conviction with the manslaughter conviction.