Submitted on record and briefs March 5, affirmed October 14, 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## JAMES WILBUR GIGER,
*Appellant.*

(10-90-05537; CA A69313)

838 P2d 1114

Steven M. Richkind, Eugene, filed the brief for appellant.

Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Jas. Adams, Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Defendant appeals his conviction, in a trial to a jury, of sexual abuse in the first degree. ORS 163.425.

■      Defendant assigns error to the court's exclusion of evidence under OEC 412, the so-called Rape Shield Law.[1] Before trial, the state moved *in limine*

"to exclude and limit any testimony, evidence, or reference to bad conduct of the victim or the victim's mother, or the mental health of the victim's mother * * * from being heard by the jury at any stage of the trial."

Defendant said that he would introduce evidence of the child's and the mother's relationships with men who had lived with them to prove that the child was raised in a "horrible environment" and that someone else could have abused her. The court granted the motion in part. It barred any evidence of sexual activity between the child and her mother's liaisons.[2] Defendant said that he understood the court to exclude evidence about "husbands and boyfriends and so forth," except that evidence about them would be admissible to show that the victim had lived in an unhealthy home. The court responded:

"The Court:    I think that testimony would be admissible.

"[Defendant's Counsel:]    That's the sort of thing that we would be showing.

"The Court:    But we're not going to get into other possible abuse, sexual abuse by others.

---

[1] OEC 412 provides:

"(1) Notwithstanding any other provision of law, in a prosecution for a crime described in ORS 163.355 to 163.425, or in a prosecution for an attempt to commit such a crime, reputation or opinion evidence of the past sexual behavior of an alleged victim of such crime is not admissible.

"(2) Notwithstanding any other provision of law, in a prosecution for a crime described in ORS 163.355 to 163.425, or in a prosecution for an attempt to commit such a crime, evidence of a victim's past sexual behavior other than reputation or opinion evidence is also not admissible, [subject to exceptions not relevant here]."

[2] At the hearing, this colloquy occurred:

"The Court: I don't think the rape shield law applies.

"[District Attorney:] You do or not?

"The Court: Do not, except in connection with introducing prior history with other men, ex-live-ins. That's not coming in."

"[Defendant's Counsel:] No, I understand the Court's ruling in that. I am not going to bring any evidence in that sense.

"The Court: All right. Again, we're simply going to have to look at some of this evidence as it comes down the pike to see whether it's prejudicial, probative, relevant, passes the usual 401 test.

"[Defendant's Counsel:] I understand that.

"The Court: If there is something that is borderline, I will expect counsel to alert me to that so we can deal with this outside the presence of the jury."

Defendant argues that the court excluded evidence that denied him the right to prove three things: (1) other men had had an opportunity to abuse the child; (2) she had misidentified her assailant; and (3) the mother had influenced her to identify defendant as her assailant. The court's pretrial ruling was narrow. It excluded evidence of any previous sexual activity of the child, specifically including whether she had had sexual relations with others. *See State v. Wattenbarger*, 97 Or App 414, 418, 776 P2d 1292, *rev den* 308 Or 331 (1989). The court did not exclude any evidence that the child may have misidentified defendant or that her mother had caused her to be biased against him. It left for the trial any other rulings on specific evidence in the context in which it might be offered. Defendant identifies no instance during the trial when the court excluded evidence that he tried to introduce.

Defendant also argues that the court erred when it failed to exclude the child and her mother from the courtroom. The state, not defendant, moved to exclude witnesses, and defendant never objected to the presence of the child and her mother.[3] We will not consider the claimed error. ORAP 5.45(2).

Defendant also assigns error to the court's imposition of a money judgment against him, asserting that it failed to find that he is able to pay. We separately address two elements of the monetary award.

■ Defendant incorrectly labels a $1,000 compensatory award to be held in trust for the child as restitution. It was a

---

[3] The court excluded one witness, the child's grandmother.

compensatory fine under ORS 137.101. If a defendant fails to object to a compensatory fine, there is no error to review. *See State v. Wills*, 93 Or App 322, 323, 761 P2d 1365 (1988), *rev den* 307 Or 611 (1989). Defendant failed to object.

■　　　Defendant also challenges the award of $1,575 as court-appointed attorney fees. The court did not consider defendant's ability to pay the fees, ORS 161.665(3), but defendant did not object to that omission. He may not raise the objection for the first time on appeal. *State v. Daniel*, 115 Or App 177, 836 P2d 1366 (1992).

Affirmed.