Argued and submitted September 19, affirmed November 19, 1986, reconsideration
denied January 30, petition for review denied February 24, 1987 (302 Or 657)

## CITY OF PORTLAND,
*Respondent,*

*v.*

## ROBERT VAN MARSHALL,
*Appellant.*

## (DA 311251-8512; CA A39319)
728 P2d 903

Charles M. Fryer, Hillsboro, argued the cause and filed the brief for appellant.

Carol Munson, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Keith L. Kutler, Assistant Attorney General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

Buttler, P. J., dissenting.

## ROSSMAN, J.

Defendant pled guilty to a violation of a municipal ordinance prohibiting the discharge of a firearm in the city. He appeals from the portion of the sentence which ordered that his firearm be confiscated and destroyed. We affirm.

Section 14.32.010(d) of the Portland City Code provides: "It is unlawful for any person to fire or discharge a firearm within the boundaries of the City." The court ordered that defendant's weapon be confiscated pursuant to Section 14.32.110, which provides, in pertinent part:

"(a)   It is the duty of the Bureau of Police to seize and take possession of any dangerous or deadly weapon being carried or used unlawfully or for an unlawful purpose. The weapon shall be held subject to disposal as provided in this Section.

"* * * * *

"(d)   If the dangerous or deadly weapon * * * was possessed, carried or used unlawfully by the owner, it is a nuisance. Subject to a court order to the contrary, the weapon shall be disposed of as provided in Subsection (e) to (g)."

Defendant argues that the city provision for confiscation of a weapon used in commission of a violation is incompatible with the state statute providing for weapon confiscation and is therefore invalid. The state responds that, because there is no state statute prohibiting the discharge of a weapon within city limits, the reasoning of *City of Portland v. Dollarhide,* 300 Or 490, 714 P2d 220 (1986), on which defendant relies, is inapplicable.

In *Dollarhide,* the Supreme Court struck down a city ordinance that imposed a mandatory minimum jail sentence on persons convicted under the city's prostitution statute. The state statute, which prohibited precisely the same conduct, did not provide for a mandatory minimum sentence. The court concluded that the city's mandatory minimum sentence was invalid, because the sentence was harsher than that provided by state statute and "a city penalty that is greater than the state prescribed penalty * * * for the same criminal conduct is incompatible with that state penalty and must fall." 300 Or at 502.

ORS 166.280(1) provides:

> "The unlawful concealed carrying upon the person or within the vehicle of the carrier of any machine gun, pistol, revolver or other firearm capable of being concealed upon the person, or any firearm used during the commission of any felony or misdemeanor is a nuisance. Any such weapons taken from the person or vehicle of any person unlawfully carrying the same are nuisances, and shall be surrendered to the magistrate before whom the person is taken, except that in any city, county, town or other municipal corporation the weapons shall be surrendered to the head of the police force or police department."

At the outset, we note that the statute does not provide for confiscation of a weapon solely because it is used in the commission of a felony or misdemeanor, as both defendant and the state suggest. The statute provides for forfeiture of such weapons "taken from the person or vehicle of any person *unlawfully carrying* the same * * *." (Emphasis supplied.) Thus, if a weapon is used in commission of a felony or misdemeanor *and* is being unlawfully carried, it is subject to confiscation. The city code, on the other hand, provides for confiscation of a weapon "possessed, carried or used unlawfully by the owner * * *."

■        Defendant argues that *Dollarhide* applies here, because the penalty of confiscation and destruction of his weapon for unlawful use is harsher than the penalty provided by state statute for the same conduct. The argument fails. *Dollarhide* involved differing penalties for conduct that was a criminal offense under both the city ordinance and state law. Here, the state does not prohibit the discharge of a firearm within the city limits. It follows that *any* penalty provided for violation of the ordinance would be harsher than that provided by the state for the same conduct. The city provides a specific penalty for conduct violating the city ordinance against discharge of a firearm within the city limits. The state only imposes that penalty when the weapon is being unlawfully carried. In other words, the same *penalty* is being imposed by the city and the state for two different types of *conduct.* Therefore, *Dollarhide* is not dispositive.

■        Cities are empowered "to enact and amend their municipal charter, subject to the Constitution and criminal laws of the State of Oregon * * *." Or Const, Art XI, § 2. Cities may prohibit and punish conduct not prohibited by state law,

so long as the municipal ordinance is not inconsistent with the state law. There is no indication that the state statutes are meant to limit a city's ability to pass ordinances prohibiting the type of conduct involved here or providing appropriate penalties for violations. The fact that the state has chosen a certain penalty for punishment of a particular type of wrong-doing does not evidence a legislative intent that municipalities may not choose to utilize the same penalty for other, even if related, conduct. Here, existence of the state statute does not invalidate the city ordinance providing the same penalty for different conduct.

Affirmed.

**BUTTLER, P. J.,** dissenting.

The state has provided in ORS 166.280(1)[1] the circumstances in which a firearm may be declared to be a nuisance and be subject to confiscation. That statute applies to "any city, county, town or other municipal corporation" and appears to preempt the field. Because the city's ordinance is broader than the state statute, it is not compatible with it and must fall. Or Const, Art XI, § 2;[2] *City of Portland v. Dollarhide,* 300 Or 490, 714 P2d 220 (1986).

Neither the statute nor the ordinance is intended to provide a penalty for the violation of a specific statutory offense, nor is either a sentencing statute. Defendant was fined $100 for violation of the ordinance under which he was convicted. The question is *not* whether a city may proscribe and punish conduct not proscribed by the state; it may. *City of Portland v. Dollarhide, supra.* Rather, the question is whether

---

[1] ORS 166.280(1) provides:

"The unlawful concealed carrying upon the person or within the vehicle of the carrier of any machine gun, pistol, revolver or other firearm capable of being concealed upon the person, or any firearm used during the commission of any felony or misdemeanor is a nuisance. Any such weapons taken from the person or vehicle of any person unlawfully carrying the same are nuisances, and shall be surrendered to the magistrate before whom the person is taken, except that in any city, county, town or other municipal corporation the weapons shall be surrendered to the head of the police force or police department."

[2] Or Const, Art XI, § 2, provides in part:

"The legal voters of every city and town are hereby granted power to enact and amend their municipal charter, *subject to the* Constitution and *criminal laws of the State of Oregon* * * *." (Emphasis supplied.)

city may declare a firearm to be a nuisance in circumstances that would not constitute a nuisance under state law; it may not.

Because I believe that the ordinance, under the circumstances of this case, is incompatible with the state statute, I dissent.