Argued and submitted May 4, decision of the Court of Appeal affirmed in part on different grounds; case remanded to the circuit court for resentencing June 17, 1993

# STATE OF OREGON,
*Petitioner on Review,*

*v.*

# JOHN WILLIAM MORGAN,
*Respondent on Review.*

(CC 90-12-36851; CA A70425; SC S39950)

856 P2d 612

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for petitioner on review. With him on the petition were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Eric R. Johansen, Deputy Public Defender, Salem, argued the cause for respondent on review.

PETERSON, J.

## PETERSON, J.

The issue in this criminal case is whether the enactment of sentencing guidelines statutes in 1989 impliedly repealed ORS 163.115(3), which requires and authorizes mandatory murder sentences. The Court of Appeals, although mindful that repeals by implication are not favored, held that "ORS 163.115(3) has been superseded in its entirety by the guidelines." *State v. Morgan*, 116 Or App 338, 345, 842 P2d 406 (1992). We affirm the decision of the Court of Appeals, in part on different grounds.

ORS 163.115(3) provides:

"(a)   A person convicted of murder shall be punished by imprisonment for life.

"(b)   When a defendant is convicted of murder under this section, the court shall order that the defendant shall be confined for a minimum of 10 years without possibility of parole, release on work release or any form of temporary leave or employment at a forest or work camp.

"(c)   When a defendant is convicted of murder under this section, the court, in addition to the minimum required by paragraph (b) of this subsection, may order that the defendant shall be confined for a minimum term of up to an additional 15 years without possibility of parole, release on work release or any form of temporary leave or employment at a forest or work camp.

"(d)   The minimum term set forth in paragraph (b) or (c) of this subsection may be set aside by a unanimous vote of the State Board of Parole and Post-Prison Supervision."

Defendant pleaded guilty to murder and was sentenced to life in prison with a 25-year minimum (10 years under paragraph (b) and 15 years under paragraph (c)). He appealed, contending that ORS 163.115(3) was impliedly repealed by the enactment of the sentencing guidelines legislation, Or Laws 1989, ch 790, and, therefore, that he should have been sentenced under the guidelines.

The sentencing guidelines were adopted in 1989 in a two-part process. The Legislative Assembly enacted a number of new statutes and amended a number of existing statutes, Or Laws 1989, ch 790; and the State Sentencing

Guidelines Board developed administrative rules, which were approved by the Legislative Assembly.[1]

There are two issues in this case. The first is whether the enactment of chapter 790 impliedly repealed ORS 163.115(3)(b) and (c). The second is whether enactment of chapter 790 impliedly repealed ORS 163.115(3)(a), as well. To answer those questions, we examine statutes and rules enacted and adopted in 1989.

ORS 137.010(1) provides:

> "The statutes that define offenses impose a duty upon the court having jurisdiction to pass sentence in accordance with this section or, for felonies committed on or after November 1, 1989, in accordance with rules of the State Sentencing Guidelines Board unless otherwise specifically provided by law."

The cornerstone of the sentencing guidelines is the concept that sentences be based on a consideration of two factors: the seriousness of the crime and the defendant's past history. This concept led to the adoption of a "grid" or "matrix" system. *See State v. Davis*, 315 Or 484, 486-88, 847 P2d 834 (1993), for an explanation of the system. A sentenced defendant serves the time, with no early release on parole other than for good time served. Sentencing judges may "depart" from the matrix, but limiting rules apply.

The legislature made specific provision for those situations in which the matrix sentence was different from a determinate sentence required or authorized by statute. ORS 137.637 provides:

> "When a determinate sentence of imprisonment is required or authorized by statute, the sentence imposed shall be the determinate sentence or the presumptive sentence as

---

[1] The Oregon Sentencing Guidelines Implementation Manual 149 (Sept. 1989), contains the State Sentencing Guidelines Board's official commentary. This states:

"The sentencing guidelines system is based on administrative rules adopted by the State Sentencing Guidelines Board. These rules were affirmatively approved by the 1989 Legislative Assembly. Section 87, Chapter 790, Oregon Laws 1989. While the guidelines have been approved by the legislature, they retain their status as administrative rules. When those rules conflict with statutes, the statutory provisions control."

This court's recent opinion in *State v. Davis*, 315 Or 484, 847 P2d 834 (1993), contains an extensive discussion of the history of sentencing guidelines in Oregon.

provided by the rules of the State Sentencing Guidelines Board, whichever is longer."

Together, ORS 137.010(1) and ORS 137.637 compel these conclusions:

1. The criminal code can provide for mandatory sentences other than as contained in the sentencing guidelines; and

2. If a mandatory prison sentence is required or authorized by statute, that sentence must be imposed if it is longer than the presumptive sentence provided by the guidelines.[2]

■ That brings us to the question whether ORS 163.115(3)(b) and (c) were impliedly overruled by the sentencing guidelines statutes. ORS 163.115(3) *requires* a sentencing judge to (1) sentence a convicted murderer to "imprisonment for life" and (2) sentence a convicted murderer to a "minimum of 10 years without possibility of parole, release on work release or any form of temporary leave or employment at a forest or work camp." In addition, the sentencing judge "*may* order that the defendant shall be confined for a minimum term of up to an additional 15 years without possibility of parole, release on work release or any form of temporary leave or employment at a forest or work camp." (Emphasis added.) In our view, both the 10-year sentence *required* by ORS 163.115(3)(b) and the additional up to 15-year term *authorized* by (3)(c) are "determinate" sentences within the meaning of ORS 137.637.

"Determinate," although not defined in the statutes or rules, commonly means "having defined limits: not uncertain." Webster's Third New International Dictionary 616 (1976). The 15-year term under paragraph (c) is "authorized" within the meaning of ORS 137.637 and is, as well, a "determinate sentence" under ORS 137.637, because it is for a fixed period of time once the determination is made by the sentencing judge.

---

[2] Defendant's guidelines matrix is 122-134 months. The parties disagree as to which matrix defendant comes within. The state asserts that it is 128-134 months; defendant asserts that it is 122-128 months. We need not decide which is correct.

It is clear that ORS 163.115(3)(b) *requires* a 10-year minimum and that ORS 163.115(3)(c) *authorizes* an additional 15-year sentence. ORS 163.115(3) is, therefore, a statute that "otherwise specifically provide[s]" for a sentence outside the guidelines. ORS 137.010(1). ORS 163.115(3) is also a statute contemplated by ORS 137.637, because it requires or authorizes a determinate sentence of imprisonment that may be longer than the presumptive guidelines sentence.

The Criminal Justice Council and the legislature were aware of the very problem involved here. In the Oregon Sentencing Guidelines Implementation Manual, the Council stated:

> "The sentencing judge retains the authority to impose a statutorily mandated sentence if it is greater than the guidelines sentence. Section 82, Chapter 790, Oregon Laws 1989 (anticipated codification citation ORS 137.637). The statutory sentencing requirements for a Murder conviction (ORS 163.115) offer an excellent illustration of the interface between the statutory requirement and the rules of the State Sentencing Guidelines Board.

> "Assume the offender has a criminal history classification of Category H and has been convicted of Murder (Crime Category 11). The sentencing judge may properly impose the presumptive sentence of 122-128 months (Grid Block 11-H) since it exceeds the statutorily required ten year sentence (ORS 163.115(3)(b)). The statute, however, authorizes the judge to impose a mandatory sentence up to twenty-five years. Consequently, the judge may exceed the presumptive sentence as authorized by this statute. ORS 163.115(3)(c)." Oregon Criminal Justice Council, Oregon Sentencing Guidelines Implementation Manual 149 (Sept. 1989).

Neither the Criminal Justice Council nor the legislature saw any inconsistency between the guidelines and ORS 163.115(3). Nor do we. The legislature and the Council envisioned the very situation before us. Indeed, the Council anticipated it. Therefore, ORS 163.135(3)(b) and (c) were not impliedly repealed by the enactment of the sentencing guidelines in 1989. The Court of Appeals erred in holding that the trial court could not impose a 10-year minimum sentence and an additional 15-year sentence under ORS 163.115(3)(b) and (c).

That brings us to the second issue: Did the enactment of the sentencing guidelines impliedly repeal ORS 163.115(3)(a), the statute that requires "[a] person convicted of murder [to] be punished by imprisonment for life"?

One possible construction of ORS 163.115(3)(a) is suggested in the Oregon Sentencing Guidelines Implementation Manual. It states:

"A sentence beyond the twenty-five years authorized by statute may also be permissible for appropriate aggravating factors. The maximum indeterminate sentence that may be imposed for a Murder conviction is a life sentence. ORS 163.115(3)(a). Consequently, the sentencing judge may impose a departure sentence up to life imprisonment since Murder was expressly excluded from the limitation placed on departure sentences by OAR 253-08-004. Any departure sentence beyond the twenty-five years authorized by statute must be justified as required by OAR 253-08-001." Oregon Sentencing Guidelines Manual, *supra*, at 149 (footnote omitted).

We express no opinion as to whether "imprisonment for life" under ORS 163.115(3)(a) may be appropriate as a departure sentence. The trial judge in the case at bar made no findings to support such a departure sentence, so that issue is not before us.

Another construction is suggested by the state. The state advances this explanation why ORS 163.115(3)(a) has not been impliedly repealed:

"Formerly, it is true, the life sentence mandated by ORS 163.115(3) was an indeterminate sentence that authorized the defendant's continued incarceration for the remainder of his life, and beyond the expiration of any minimum terms imposed, unless and until the parole board released the defendant upon parole. Under the guidelines scheme, the 'life sentence' for murderers no longer operates in that manner. It no longer operates to require continued incarceration beyond the minimum/determinate term imposed; it requires only that the defendant shall remain within the jurisdiction of the department for the remainder of his life once he is released on post-prison supervision after having served the minimum sentence imposed."

The Criminal Justice Council adopted a rule that appears to address this precise issue. OAR 253-05-004(1) provides:

> "The term of post-prison supervision for an offender serving a life sentence pursuant to ORS 163.105 or ORS 163.115 shall be for the remainder of the offender's life, unless the Board finds a shorter term appropriate. In no case shall the term of supervision be less than three years."

■■ The likely legislative intention is that the period of post-prison supervision for persons convicted of murder remains as before, with the exception that the State Board of Parole and Post-Prison Supervision could, if it "finds a shorter term [of post-prison supervision] appropriate," shorten the term of supervision to not less than three years. Under that result, even though one convicted of murder can no longer be sentenced to "imprisonment for life" (other than as a departure sentence), one convicted of murder can be sentenced to imprisonment for the fixed terms specified in paragraphs (b) and (c), with post-prison supervision thereafter for life, subject to OAR 253-05-004(1). In light of the fact that it is clear that the trial judge intended to impose a 25-year minimum, and did not make findings to support a life sentence as a departure sentence, we conclude that the case must be remanded for entry of a corrected judgment that reinstates the 10- and 15-year minimum sentences, but deletes the sentence of imprisonment for life and provides for post-prison supervision for the remainder of the defendant's life, unless the Board of Parole and Post-Prison Supervision finds a shorter term appropriate. OAR 253-05-004(1).

The Court of Appeals was correct in affirming the conviction and deleting the sentence of life imprisonment. It erred in reversing the 10- and 15-year minimum sentences under ORS 163.115(3)(b) and (c), and in failing to remand to the trial court for entry of an amended judgment that deletes the sentence of "imprisonment for life" and provides for post-prison supervision "for the remainder of the [defendant's] life, unless the Board finds a shorter term appropriate."

The decision of the Court of Appeals is affirmed, in part on different grounds. The case is remanded to the circuit court for resentencing consistent with this opinion.