On petition for review submitted February 17,* petition for review allowed, decision of the Court of Appeals reversed; judgment of the circuit court affirmed July 29, 1993

# STATE OF OREGON,
*Petitioner on Review,*

*v.*

# GEORGE EDWARD FARMER,
*Respondent on Review.*

# (CC 90-10-5117-C; CA A71107; SC S39982)

856 P2d 623

Timothy A. Sylwester, Assistant Attorney General, Salem, filed the petition for petitioner on review. With him on the petition were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

No appearance *contra.*

PETERSON, J.

---

* Appeal from Malheur County Circuit Court, Burdette Pratt, Judge pro tempore. 116 Or App 673, 842 P2d 465 (1992).

## PETERSON, J.

This appeal raises one issue decided adversely to defendant in our recent decision in *State v. Morgan*, 316 Or 553, 856 P2d 612 (1993) — whether minimum sentences under ORS 163.115(3) were repealed by enactment of the 1989 sentencing guidelines statutes; and one issue expressly not decided by *State v. Morgan*, 316 Or at 559 — the validity of a sentence of life imprisonment imposed as a departure sentence under the sentencing guidelines.

A jury found defendant guilty of murder. ORS 163.115. In sentencing defendant, the trial court applied the sentencing guidelines and decided, based on aggravating factors, to impose a departure sentence of life imprisonment with a 25-year minimum sentence pursuant to ORS 163.115(3).[1] Defendant did not object.

Defendant nonetheless challenged the sentence on appeal, both with respect to the 25-year minimum sentence and the imposition of a life sentence. The Court of Appeals, without any discussion or recognition of a possible preservation of error problem, remanded for resentencing in a one-sentence *per curiam* opinion citing its decision in *State v. Morgan*, 116 Or App 338, 842 P2d 406 (1992). *State v. Farmer*, 116 Or App 673, 842 P2d 465 (1992).

In *Morgan*, this court thereafter affirmed the imposition of a 25-year minimum sentence, holding that the minimum sentences authorized for murder by ORS 163.115(3)(b) and (c) were not repealed by enactment of the

---

[1] ORS 163.115(3) provides:

"(a) A person convicted of murder shall be punished by imprisonment for life.

"(b) When a defendant is convicted of murder under this section, the court shall order that the defendant shall be confined for a minimum of 10 years without possibility of parole, release on work release or any form of temporary leave or employment at a forest or work camp.

"(c) When a defendant is convicted of murder under this section, the court, in addition to the minimum required by paragraph (b) of this subsection, may order that the defendant shall be confined for a minimum term of up to an additional 15 years without possibility of parole, release on work release or any form of temporary leave or employment at a forest or work camp.

"(d) The minimum term set forth in paragraph (b) or (c) of this subsection may be set aside by a unanimous vote of the State Board of Parole and Post-Prison Supervision."

sentencing guidelines statutes, Or Laws 1989, ch 790. 316 Or at 558. *Morgan* also ordered a remand for resentencing to delete the sentence of life imprisonment and substitute a sentence of post-prison supervision for life unless the Board of Parole and Post-Prison Supervision finds a shorter term appropriate. *Id.* at 559-60.

This court's opinion in *Morgan* expressly stated that the second issue presented now by this case, the validity of life imprisonment *as a departure sentence*, is an open issue:

> "We express no opinion as to whether 'imprisonment for life' under ORS 163.115(3)(a) may be appropriate as a departure sentence. The trial judge in the case at bar made no findings to support such a departure sentence, so that issue is not before us." 316 Or at 559.

Here, the state has petitioned for review of the Court of Appeals' decision remanding defendant's case for resentencing. The Court of Appeals' decision on the 25-year minimum sentence for murder in this case relied on the Court of Appeals' position in *State v. Morgan*, a position that subsequently was rejected by this court in *State v. Morgan, supra,* 316 Or at 558: Minimum sentences for murder under ORS 163.115(3)(b) and (c) were not repealed by enactment of the sentencing guidelines. The state, therefore, is entitled to relief in this court from that portion of the Court of Appeals' decision.[2]

We next address defendant's assertion that the sentencing guidelines do not authorize imposition of life imprisonment for murder as a departure sentence. Defendant did not preserve that claim of error in the trial court but did raise it in the Court of Appeals. The Court of Appeals' *per curiam* decision, remanding this case for resentencing and citing its decision in *State v. Morgan*, is sufficient to establish that the Court of Appeals considered defendant's claim of error on the same grounds discussed and decided in *State v. Morgan, supra,* 116 Or App at 338. But here, unlike *Morgan*, the claim of error was not preserved in the trial court.

---

[2] Relief for the state on review on this basis exists independently of any right to relief on review due to defendant's failure to preserve a claim of error in the trial court.

The unpreserved claim of error *cannot* be reviewed on appeal because it was not preserved at trial and because it does not qualify for the exception in ORAP 5.45(2) permitting discretionary review of unpreserved "errors of law *apparent* on the face of the record."[3] (Emphasis added.) The claimed error of law in this instance was not "apparent," because an "apparent" error of law is one as to which the "the legal point is obvious, not reasonably in dispute." *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). As was stated in *State v. Morgan, supra*, 316 Or at 559, the validity of life imprisonment as a departure sentence is an open issue. Its resolution is not "obvious" but is, instead, reasonably open to dispute for purposes of the "apparent" error analysis as that concept is explained in *State v. Brown, supra.*

In addition, this court recently held that it would not review an unpreserved claim of error merely because the Court of Appeals did so, if the Court of Appeals failed expressly to justify its review as discretionary review of an error of law apparent on the face of the record. *State v. Castrejon*, 317 Or 202, 212, 856 P2d 616 (1993).[4] For the reasons stated in *State v. Castrejon*, we will not review defendant's claim of sentencing error in this case.

The petition for review is allowed. The decision of the Court of Appeals is reversed. The judgment of the circuit court is affirmed.

---

[3] ORAP 5.45(2) provides:

"No matter assigned as error will be considered on appeal unless it was preserved in the lower court and assigned as error in the party's opening brief; provided that the appellate court may consider errors of law apparent on the face of the record."

[4] *State v. Cook*, 108 Or App 576, 582, 816 P2d 697 (1991), *rev den* 312 Or 588 (1992), states: "If a sentencing court exceeds its statutory authority in imposing a specific sentence, that is an 'error of law' that may be addressed without an objection to the sentencing court." Although that is true in many cases, it is not true as a categorical statement of the law because it does not take full account of the requirement of ORAP 5.45(2) as interpreted in *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990), that the error of law must be "apparent," meaning "obvious, not reasonably in dispute."