Argued and submitted July 31, 1992, vacated in part; otherwise affirmed
August 25, 1993

## STATE OF OREGON,
*Respondent,*

*v.*

## WILLIAM THEODORE BERG, SR.,
*Appellant.*

(90-1157; CA A71247)

857 P2d 909

Mary M. Reese, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender, Salem.

Mary H. Williams, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Defendant was convicted of second degree theft, ORS 164.045, and of possessing and manufacturing a controlled substance. ORS 475.992. On the theft conviction, the circuit court imposed a suspended sentence of one year in jail. The court also ordered forfeiture of two handguns that police seized from a desk drawer and wall safe in defendant's workshop. Defendant challenges both the sentence and the forfeiture. We vacate the forfeiture and otherwise affirm.

■ Defendant committed second degree theft, a Class A misdemeanor, on September 26, 1990. For Class A misdemeanors committed on or after November 1, 1989, the maximum term of incarceration is

> "six months unless the sentencing judge finds on the record substantial and compelling reasons to impose a longer term." Or Laws 1989, ch 790, § 51.

Defendant assigns error to the one year jail term, and argues that the sentence was unauthorized because the court failed to make findings to justify it. The state concedes that the sentencing judge made no findings on the record to justify a one year jail term. Defendant failed to object in the trial court, but asks us to reach this claim under ORAP 5.45(2). That rule permits "discretionary review of unpreserved 'errors of law apparent on the face of the record.' " *State v. Farmer*, 317 Or 220, 224, 856 P2d 623 (1993). The error is apparent on the face of the record, but we find nothing in the briefs or the record, apart from the alleged error itself, on which we might base an exercise of discretion to review the unpreserved claim of error. We decline to review it. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991); *State v. Castrejon*, 317 Or 202, 856 P2d 616 (1993); *State v. Farmer, supra*.

■ Defendant also assigns error to the court's order that he forfeit his handguns. The state argues that the forfeiture was authorized by ORS 166.280(1), which provides, in part:

> "The unlawful concealed carrying upon the person or within the vehicle of the carrier of any machine gun, pistol, revolver or other firearm capable of being concealed upon the person, or any firearm used during the commission of any felony or misdemeanor is a nuisance. Any such weapons taken from the person or vehicle of any person unlawfully

carrying the same are nuisances, and shall be surrendered
* * *."

The court found that the handguns were a "part of" defendant's controlled substance felony convictions.[1] Defendant challenges that finding.

The state argues that the court's finding is supported by circumstantial evidence, including the intuitive connection between guns and drug crimes, and by defendant's failure to offer an "alternative explanation" for possessing the guns. Although we accept the state's proposition that circumstantial evidence could prove that a weapon was used during the commission of a crime, the circumstantial evidence here, even viewed in the light most favorable to the state, does not support a finding that the guns were used in the commission of the felonies. They were discovered when officers executed a search warrant at defendant's workshop. He admitted that the building belonged to him. The evidence does not prove that he used the guns to possess or manufacture a controlled substance, or that he unlawfully carried the guns.

■ ORS 166.280(1) does not authorize forfeiture of every firearm possessed by one who possesses or manufactures a controlled substance. It does not create a presumption that such firearms were used during commission of felonies involving controlled substances. As we held in *City of Portland v. Marshall*, 82 Or App 497, 500, 728 P2d 903 (1986), *rev den* 302 Or 657 (1987), the court must make two findings before ordering forfeiture of a weapon under the statute:

> "Thus, if a weapon is used in commission of a felony or misdemeanor *and* is being unlawfully carried, it is subject to confiscation." (Emphasis in original.)

---

[1] The court said:

"I will order the forfeiture of the handguns. I'll find that they are — they were a part of the felony convictions that you were convicted of, and I'll order them confiscated * * *."

The court's finding that the guns were a "part of" the felony convictions does not correspond with the statutory language that authorizes forfeiture of "any firearm used during the commission of any felony or misdemeanor." ORS 166.280(1). Defendant did not assign error to that discrepancy. We do not address it, and we adopt the parties' assumption that the court found that the guns were used by defendant in the commission of felonies.

Because the evidence does not support a finding that the guns were used by defendant in the commission of his crimes and the court did not find that the firearms were unlawfully carried, the court erred in ordering forfeiture of the handguns under ORS 166.280(1).

Order of forfeiture vacated; otherwise affirmed.