49

Argued and submitted January 29, affirmed October 20, 1993

## STATE OF OREGON,
*Respondent,*

*v.*

## HOWARD IVAN LILLIE,
*Appellant.*

## (91CR783; CA A73856)

860 P2d 895

Jesse Wm. Barton, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Ann Michelle (Micky) Feusse, Certified Law Student, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Janet A. Metcalf, Assistant Attorney General.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

RIGGS, J.

## RIGGS, J.

Defendant appeals a conviction for possession of a controlled substance. ORS 475.992. He assigns error to the denial of his motion to suppress evidence, the alcohol-related conditions of his probation, and the order requiring him to reimburse the state for court-appointed attorney fees. We affirm.

The trial court found that a state police officer stopped defendant because his license plate light did not work. The officer gave defendant an oral warning and said, "Good night." At the time that the officer bid defendant good night, the patrol car's revolving lights were off. The officer took several steps away from defendant's car, then returned and asked for permission to ask a question. Defendant replied that he could. The officer then asked defendant if he was carrying drugs, weapons or large amounts of cash. Defendant denied that he was. The officer requested and obtained defendant's consent to search the car and found methamphetamine in the trunk.

Defendant was charged with possession of a controlled substance. His motion to suppress the methamphetamine was denied. After a stipulated facts trial,[1] defendant was found guilty. As a condition of probation, the court ordered defendant to submit to random urinalysis at the direction of his probation officer. The court also ordered defendant to successfully complete an alcohol abuse treatment program if recommended by his probation officer or his alcohol counselor. The court further ordered defendant to refrain from using intoxicants. Under certain circumstances, he was ordered to submit to breath and blood tests to determine his blood alcohol content. Finally, he was ordered to reimburse the state for court-appointed attorney fees totalling $400.

■ Defendant first assigns error to the trial court's denial of his motion to suppress all evidence obtained after the officer completed the traffic citation on the ground that the request for consent to search was part of the original stop

---

[1] Nothing in the record suggests that defendant's assent to a stipulated facts trial was the result of a plea agreement. Therefore, the limits on appeal, *State v. Adams*, 315 Or 359, 847 P2d 397 (1993), and *State v. Tanner*, 121 Or App 104, 854 P2d 941 (1993), do not apply.

for a traffic infraction. The parties agree that *State v. Allen*, 112 Or App 70, 826 P2d 127, *rev den* 314 Or 176 (1992), is controlling. Under *Allen*, the request to search the car was proper. *See also State v. Bonham*, 120 Or App 371, 375, 852 P2d 905, *rev den* 317 Or 584 (1993). The trial court's denial of the motion to suppress was not error.

■    Defendant next assigns error to the requirement that he submit to random urinalysis as a condition of probation and to the three alcohol-related conditions of probation. He concedes that he did not object to those conditions below but argues that his claims can be raised for the first time on appeal, because they are error apparent on the face of the record. ORAP 5.45(2). Defendant never explains why, under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991), the alleged claims of error were "apparent" or how they appear "on the face of the record." Nor does he explain why we should exercise our discretion to reach those errors even if they satisfied ORAP 5.45(2). 312 Or at 382. We do not consider those claims of error.

■    Defendant finally assigns error to the trial court's money judgment requiring him to reimburse the state for $400 in court-appointed attorney fees. The $400 figure emerged from a confused colloquy between the trial court and defendant's attorney. Defendant's attorney first stated that he was unsure how many hours he had spent on the case, then said he had spent at least 10 hours. He was unsure whether he was paid on a per case basis of $265 or at an hourly fee of $40.

On appeal, defendant argues that *State v. Young-blood*, 105 Or App 123, 803 P2d 289 (1990), limits court-ordered reimbursement of attorney fees to the amount actually expended by the state. Defendant's attorney did not object to the amount of the reimbursement. Under recent Supreme Court cases such as *State v. Farmer*, 317 Or 220, 224, 856 P2d 623 (1993), we cannot review the order of reimbursement, because there was no objection before the trial court and because it is not "error of law apparent on the face of the record" qualifying for discretionary review under ORAP 5.45(2). The result in this case is harsh, because it precludes review when a defendant's

attorney fails to object to the attorney's own assertion. However, *State v. Farmer, supra,* mandates this result.

Affirmed.