STATE OF OREGON,
*Respondent,*

*v.*

NGHIA VAN TRINH,
*Appellant.*

(9103-31284; CA A74023)

863 P2d 532

David E. Groom, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Ann F. Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

**De MUNIZ, J.**

Defendant was sentenced to life imprisonment with a 10-year minimum for his convictions for felony murder, ORS 163.115(1)(b)(C), and two counts of burglary in the first degree. ORS 164.225. He appeals.

On February 23, 1991, defendant and a friend, Chuong Tu Chac (Chac), were forcibly removed from the Hop Sing Tong (the Tong), a gambling house in Portland's Old Town, by "three of its door men," Eric Li, Jain Ming Chen and Thanh Xuan To. Defendant and Chac returned to the Tong with defendant's brother, Ai, who was armed with a shotgun. A scuffle ensued with the three door men. During the scuffle, Thanh Xuan To shot defendant in the stomach with a handgun. Although Ai lost possession of the shotgun during the scuffle, he picked up a handgun that had been dropped by Eric Li. Defendant and his two companions retreated from the Tong to their car as more shots were fired by the door men. At their car, Ai learned that defendant had been shot. Ai then returned to the Tong and shot and killed Thanh Xuan To.

A jury found defendant guilty of felony murder with a firearm and two counts of burglary in the first degree. For sentencing purposes, the court merged the burglary counts with the felony murder and sentenced defendant to life imprisonment, with a 10-year minimum term of incarceration. Defendant objected only to the imposition of the life sentence.

In *State v. Morgan*, 316 Or 553, 560, 856 P2d 612 (1993), the Supreme Court held that "[a person] convicted of murder can no longer be sentenced to 'imprisonment for life' (other than as a departure sentence)[.]" The state makes no argument that the court's imposition of a life term was intended as a departure sentence. Accordingly, we vacate the sentence of life imprisonment and remand for resentencing in accordance with *State v. Morgan, supra*, 316 Or at 560.

We have considered each of defendant's assignments of error pertaining to the trial and find them without merit.

Convictions affirmed; remanded for resentencing.