On respondent's motion for reconsideration filed August 31, reconsideration allowed; opinion (119 Or App 172, 848 P2d 662) modified and adhered to as modified November 17, 1993

## STATE OF OREGON,
*Respondent,*

*v.*

## RICHARD CHARLES PETTY, II,
*Appellant.*

(C9105-32545; CA A72667)

863 P2d 503

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, for motion.

No appearance *contra.*

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

The state moves for reconsideration of our opinion. 119 Or App 172, 848 P2d 662 (1993). We allow the motion, modify our opinion and adhere to it as modified.

Defendant was convicted of murder after a jury trial. He was sentenced to life imprisonment with a 15-year minimum term. On appeal, he challenged both the "life sentence" and the 15-year prison term. We affirmed defendant's conviction and remanded for resentencing in accordance with our opinion in *State v. Morgan*, 116 Or App 338, 842 P2d 406 (1992).

Defendant made no objection in the trial court to the sentence imposed. The state now argues that the error is unpreserved and that we should not review it. The state contends that *State v. Farmer*, 317 Or 220, 856 P2d 623 (1993), is directly on point and shows that the error is not apparent on the face of the record, as required by ORAP 5.45(2). *See State v. Castrejon*, 317 Or 202, 856 P2d 616 (1993); *State v. Farmer, supra.* In *Farmer,* the defendant was found guilty of murder, and the sentencing court found aggravating factors. It imposed, as a departure sentence, a "life sentence" with a 25-year minimum term, pursuant to ORS 163.115(3). 317 Or at 222. The defendant did not object to the life sentence at sentencing, and the Supreme Court declined to review his challenge for the first time on appeal. It noted that its opinion in *State v. Morgan*, 316 Or 553, 856 P2d 612 (1993), expressly left open the question of whether a "life sentence" pursuant to ORS 163.115 may be imposed as a departure sentence under the guidelines. The Supreme Court held that the resolution of the issue was not obvious, and, thus, the error was not apparent on the face of the record.

However, we conclude that *Farmer* does not control this case. The sentence to "life" in *Farmer* was a departure. However, the trial court also imposed a 25-year minimum term. We are unable to tell from the Supreme Court opinion whether it viewed the departure as a "true life" sentence, in which case the 25-year minimum term would be something of an anomaly, or whether the Supreme Court viewed the departure as something other than a "true life" sentence. In any event, the sentence here was *not* a departure. As the state

acknowledges, under *State v. Morgan, supra,* and *State v. Bellek,* 316 Or 654, 856 P2d 616 (1993), the "life sentence" portion of the sentence here is reversible error. Unlike in *Farmer,* defendant's "life sentence" was not a departure sentence. The error is apparent on the face of the record. We exercise our discretion to address it, because defendant was prejudiced by imposition of a life term. *See State v. Gouveia,* 116 Or App 86, 840 P2d 753 (1992).

Defendant's sentence must be remanded for resentencing with instructions to delete the sentence of life imprisonment and to impose a judgment for post-prison supervision for the remainder of defendant's life, under OAR 253-05-004. Defendant's 15-year prison term is lawful. *See State v. Morgan, supra,* 316 Or at 560.

Reconsideration allowed; opinion modified and adhered to as modified.