Argued and submitted August 4, convictions affirmed; remanded for resentencing December 8, 1993, reconsideration denied February 9, petition for review denied March 1, 1994 (318 Or 459)

# STATE OF OREGON,
*Respondent,*

*v.*

# SOLOMON OMAR OSIRIS,
*Appellant.*

(91-05-32511; CA A73608)

864 P2d 878

John P. Manning argued the cause and filed the brief for appellant.

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Richardson, Chief Judge, and Durham, Judge.

DEITS, P. J.

.

## DEITS, P. J.

Defendant appeals his convictions for murder, ORS 163.115(1)(a), felony murder, ORS 163.115(1)(b), first degree robbery, ORS 164.415, and felon in possession of a firearm, ORS 166.270. He also assigns error to the sentence imposed on his murder convictions. We affirm the convictions without discussion and address only the sentencing issue.

The trial court merged for sentencing defendant's convictions for murder and felony murder and imposed a life sentence under subsection (a) of ORS 163.115(3), a 10-year minimum sentence under subsection (b) and a 10-year minimum sentence under subsection (c). Defendant argues that the trial court erred in sentencing him to life imprisonment and to minimum sentences under ORS 163.115(3)(b) and (c), because those sentences are inconsistent with the sentencing guidelines.

■■ In *State v. Morgan*, 316 Or 553, 558, 856 P2d 612 (1993), the Supreme Court held that ORS 163.135(3)(b) and (c) "were not impliedly repealed by the enactment of the sentencing guidelines in 1989," and that mandatory minimums imposed under those sections were permissible. Accordingly, the two minimum sentences imposed under ORS 163.115(3)(b) and (c) were proper. The Supreme Court also held in *Morgan* that because a life sentence was not a determinate sentence, it was superseded by the guidelines and could not be imposed in that case.[1] The court further held in *Morgan*, however, that a sentencing court retained authority to impose post-prison supervision for life, subject to the authority of the Board of Parole and Post-Prison Supervision to impose a shorter term of post-prison supervision under OAR 253-05-004(1). Accordingly, we remand for resentencing.

Convictions affirmed; remanded for resentencing.

---

[1] In *Morgan*, as in this case, it was unnecessary to address the issue of whether life imprisonment could be imposed as a departure sentence.