Argued and submitted November 30, convictions affirmed; remanded for resentencing December 22, 1993, reconsideration denied March 16, petition for review denied April 5, 1994 (318 Or 583)

## STATE OF OREGON,
*Respondent,*

*v.*

## RICHARD KEITH HOSTETTER,
*Appellant.*

(CR90-551A; CA A74680)

865 P2d 485

Ingrid A. MacFarlane, Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were

Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

### De MUNIZ, J.

■ Defendant was convicted of, *inter alia*, murder, ORS 163.115(1)(a), and sentenced to life in prison with a 25-year minimum term. After defendant filed his appeal challenging the imposition of sentence under ORS 163.115(3), the Supreme Court decided *State v. Morgan*, 316 Or 553, 856 P2d 612 (1993). Under *Morgan*, defendant's 25-year minimum term under ORS 163.115(3)(b) and (c) is valid.

■ The state argues that defendant's life term is also valid, because the court made departure findings that defendant did not challenge, and defendant did not argue that a "life sentence" could not be imposed as a departure sentence under ORS 163.115(3)(a). Therefore, the state contends, under *State v. Farmer*, 317 Or 220, 856 P2d 623 (1993), we may not review the life term.

*Farmer* does not preclude review here. In *Farmer*,

> "the trial court applied the sentencing guidelines and decided, based on aggravating factors, to impose a departure sentence of life imprisonment with a 25-year minimum sentence pursuant to ORS 163.115(3). Defendant did not object." 317 Or at 222. (Footnote omitted.)

Although it is not entirely clear how the Supreme Court viewed the life sentence, *see State v. Petty*, 124 Or App 574, 576, 863 P2d 503 (1993), it declined to review that sentence, because the defendant in *Farmer* had not objected.[1]

■ Here, the court clearly imposed sentence under ORS 163.115, and defendant objected. The aggravating factors cited by the court were alternatively given in order to support a departure had it imposed sentence under the guidelines. However, it did not impose a departure sentence. We may review defendant's challenge to the life term. Under *State v. Morgan, supra,* the life term is reversible error. We remand for resentencing with instructions to delete the sentence of life imprisonment and to impose a judgment for post-prison supervision for the remainder of defendant's life under OAR 253-05-004. Defendant's 25-year prison term is lawful.

Convictions affirmed; remanded for resentencing.

---

[1] The court in *Farmer* apparently reviewed the 25-year minimum, because it upheld that sentence on the basis of *State v. Morgan, supra.*