Argued and submitted October 27, 1993, affirmed February 2, 1994

STATE OF OREGON,
*Respondent,*

*v.*

FRANKLIN CHARLES DASHEL,
*Appellant.*

(C91-09-34655; CA A76077)

868 P2d 15

Stephen J. Williams, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs, Judge, and Durham, Judge pro tempore.

DURHAM, J. pro tempore.

### DURHAM, J. pro tempore

Defendant appeals his sentence after he was convicted of murder. ORS 163.115. The state argues that the court imposed an indeterminate life sentence, and that defendant did not object to the departure findings. The state contends, therefore, that we may not review defendant's sentence of life imprisonment. *State v. Farmer*, 317 Or 220, 856 P2d 623 (1993).

The state argues that the life imprisonment was supported by departure findings. We do not agree that life imprisonment here was a departure sentence. *See State v. Hostetter*, 125 Or App 491, 865 P2d 485 (1993). The court's reliance on substantial and compelling reasons was to support the departure from the presumptive sentence of 129 to 134 months. The life imprisonment was clearly imposed under ORS 163.115. The judgment recites that

"defendant be imprisoned in a correctional facility of the state of Oregon for life with a minimum sentence of twenty-two (22) years pursuant to ORS 163.115(3)(a), (b) and (c)."

**1, 2.** Defendant objected to sentencing under ORS 163.115. Under *State v. Morgan*, 316 Or 553, 856 P2d 612 (1993), a life term under ORS 163.115(3)(a) is reversible error. However, the judgment also recites that defendant is committed to custody "with a determinate sentence of twenty-two (22) years and a post-prison supervision period of life." That sentence is correct under *Morgan*. The paragraph quoted above is surplusage, and the judgment does not require remanding for resentencing. *See State v. Tremillion*, 111 Or App 375, 826 P2d 95, *rev den* 313 Or 300 (1992).

Affirmed.