Argued and submitted June 30, 1993, convictions affirmed; remanded for resentencing February 16, petition for review denied April 12, 1994 (318 Or 661)

## STATE OF OREGON,
*Respondent,*

*v.*

## AI VAN TRINH,
*Appellant.*

(91-03-31215; CA A73563)

868 P2d 779

Louis R. Miles, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Ann F. Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds, Judge, and Durham, Judge pro tempore.

WARREN, P. J.

### WARREN, P. J.

This is a companion case to *State v. Trinh*, 124 Or App 555, 863 P2d 532 (1993), which involved defendant's brother, Nghia Van Trinh. The underlying facts of the crimes were summarized in that opinion. Defendant shot and killed the victim. A jury convicted him of murder with a firearm, ORS 163.115(1)(a); felony murder with a firearm, ORS 163.115(1)(b)(C); and two counts of burglary in the first degree, ORS 164.225. He received a life sentence with a 25-year minimum on each of his murder convictions, to run concurrently. The trial court merged the burglary counts into the felony murder for sentencing purposes.

On appeal, defendant challenges the convictions and sentences, raising numerous assignments of error. We have considered the assignments and will address only his assignments concerning the admission of the state's Exhibit 48[1] and the sentences imposed.

■       Exhibit 48 is a shotgun that was taken from defendant's possession by a police officer in July, 1990, about seven months before the crimes were committed. Defendant initially moved to exclude the evidence concerning that shotgun and the trial court granted the motion. The court later reversed its ruling and admitted the evidence over defendant's objection. Defendant argues that that evidence was irrelevant under OEC 401 and unfairly prejudicial under OEC 403.

OEC 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under that definition, "evidence having only the slightest probative value would meet the requirements of Rule 401." Kirkpatrick, *Oregon Evidence* 106 (2d ed 1989). In *State v. Smith*, 66 Or App 374, 675 P2d 1060, *rev den* 297 Or 339 (1984), we held that the trial court correctly admitted in evidence a jacket the defendant bought two months after the assault incident. The jacket was nearly identical to the coat described by the victim as worn by the assailant. We said:

---

[1] He also challenges testimony relating to that exhibit. The admissibility of that testimony is dependent on the admissibility of the exhibit.

"[A]dmission of the jacket established defendant's proclivity for wearing clothing similar to that worn by the victim's assailant. It therefore was relevant evidence, because it has a tendency to establish ultimately defendant's identity as the perpetrator of the assault. The trial court did not abuse its discretion when it admitted the jacket." 66 Or App at 380.

Similarly here, the shotgun taken from defendant about seven months ago was almost identical to the gun that was used in the murder and left at the scene. The two guns are identical in size and characteristics, although they were made by different manufacturers. Both have short barrels and pistol grips instead of stocks. Neither gun is considered a hunting or sporting weapon, but was described in the record as being a weapon either of self-defense or of easy concealment. The evidence tended to prove that defendant had a proclivity for possessing unique guns of the kind found at the scene of the crime and, therefore, that he was the person who brought the gun to the crime scene. That evidence tends to refute his claim that he approached the victim's workplace unarmed and acted in self-defense. Therefore, the evidence was relevant.

■    The question, then, is whether the probative value of the evidence was substantially outweighed by its prejudicial effect. Defendant argues that admission of the gun was unfairly prejudicial, relying on *State v. Hall*, 36 Or App 133, 583 P2d 587 (1978). In *Hall*, the defendant, armed with two handguns, shot and wounded a police officer. He fled the scene, took a rifle from his home and then hid nearby with all three weapons. He was later arrested and all weapons were seized. At trial, the state introduced the handguns and the rifle. We held that the admission of the rifle was error:

"The rifle was not the weapon used in the crime charged. We can see no reason to include at trial information about the third weapon other than to blacken the name of defendant. This is especially true where, as here, the rifle had been altered to make it easily concealable and the prosecutor, on closing argument, made a point of this to the jury. This introduced the improper inference that defendant is the criminal type who carries concealed weapons and might engage in various other criminal activities. The probative value of the evidence, if there is any, was outweighed by its prejudicial effect." 36 Or App at 137.

This case is different. Although the gun admitted was not involved in the crimes charged, it was nonetheless almost identical to the gun left at the crime scene. Further, the prosecutor did not use the evidence in argument to infer improperly that defendant was the criminal type who always carried illegal guns. To the contrary, the prosecutor elicited testimony from two of the state's witnesses that the gun itself and defendant's possession of it were not illegal. The court also cautioned the jury that it should consider the evidence as evidence only that defendant had the gun in his possession. In light of the witnesses' testimony and the court's instruction, any prejudicial effect that might derive from admission of the evidence about the shotgun would have been cured or diminished. The trial court did not abuse its discretion in admitting Exhibit 48.

■ Defendant also argues that, because of the enactment of the sentencing guidelines, the trial court erred in imposing the life sentences. The Supreme Court has held that "[a person] convicted of murder can no longer be sentenced to 'imprisonment for life' (other than as a departure sentence) * * *." *State v. Morgan*, 316 Or 553, 560, 856 P2d 612 (1993). There is no indication that the trial court was imposing a departure sentence. We remand for resentencing with instructions to delete the sentence of life imprisonment and to impose a judgment for post-prison supervision for the remainder of defendant's life under OAR 253-05-004. Defendant's 25-year minimum terms are lawful. *State v. Hostetter*, 125 Or App 491, 865 P2d 485 (1993).

Convictions affirmed; remanded for resentencing.