Submitted on record and briefs December 23, 1993, affirmed May 4, 1994

## STATE OF OREGON,
*Respondent,*

*v.*

## BOBBY LEON SURRATT,
*Appellant.*

(C91-1921CR; CA A76258)

874 P2d 106

Sally L. Avera, Public Defender, and Irene B. Taylor, Deputy Public Defender, filed the brief for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and R. Victoria Beyerinck, Assistant Attorney General, filed the brief for respondent.

Before Warren, Presiding Judge, and Deits and Edmonds, Judges.

PER CURIAM

**PER CURIAM**

Defendant appeals from a judgment requiring him to reimburse the state for court-appointed attorney fees. ORS 161.665(1). He assigns as error the fact that the amount of fees was determined outside his presence after the sentencing hearing was over. At the sentencing hearing, the trial court said that it was adopting the presentence report's recommendation that defendant pay the fees as a condition of postprison supervision. The state concedes that the trial court erred when it set the *amount* of attorney fees outside defendant's presence. *See* ORS 137.030; *see also State v. Stock*, 56 Or App 857, 643 P2d 877 (1982). Nonetheless, the state argues that, because defendant did not object during the hearing to the court's failure to set a specific amount of attorney fees, we should decline to consider the error. ORAP 5.45(2). We agree. Defendant was present at the sentencing hearing and was aware of the court's intentions. Had he wished a determination of the amount of fees, he could have objected at that time. His silence deprived the trial court of the opportunity to correct any error. Under the circumstances, we decline to consider defendant's argument.[1] *See State v. Lillie*, 124 Or App 49, 52, 860 P2d 895 (1993); *State v. Daniel*, 115 Or App 177, 836 P2d 1366 (1992).

Affirmed.

---

[1] Although the facts in this case are not dissimilar from those in *State v. Stock, supra*, our approach for addressing unpreserved errors has changed since we decided that case. *See State v. Farmer*, 317 Or 220, 224, 856 P2d 623 (1993); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991).