Argued and submitted April 28, conviction affirmed; condition of parole vacated; remanded for resentencing September 7, 1994

## STATE OF OREGON,
*Respondent,*

*v.*

## RODDY DUSENBERRY,
*Appellant.*

## (9207-34194; CA A79908)

880 P2d 515

Jesse Wm. Barton, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Robert B. Rocklin, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

PER CURIAM

## PER CURIAM

Defendant was convicted of possession of a controlled substance, ORS 475.992, and was sentenced to a presumptive term of 18 months of probation. Defendant was later found in violation of probation, and his probation was revoked. He was then sentenced to six months of imprisonment and ordered, as a condition of parole, to complete a drug treatment program.

Defendant argues, and the state concedes, that the trial court lacks the authority to impose conditions of parole. ORS 144.270(2); *State v. Potter*, 108 Or App 480, 481, 816 P2d 661 (1991). The state, however, relies on *State v. Dashel*, 126 Or App 252, 868 P2d 15 (1994), to argue that a remand is unnecessary because the attempted condition was "surplusage." In *Dashel*, an improper statement of the defendant's sentence was considered surplusage, because the judgment also contained a correct recital of the sentence. 126 Or App at 254. That case is distinguishable, however, because the judgment before us contains no such correct recital.

The state also argues that we should not remand this case because defendant has not explained how he is prejudiced by the condition. According to the state, "[c]onsidering defendant's conviction * * *, the reason for the revocation of his probation (drug use), and his inability to kick his drug habit while on probation and in a treatment program, that condition seems almost automatic." It may be true that the Board of Parole and Post-Prison Supervision would impose the same condition; however, it is up to the Board to decide whether to do so.

Conviction affirmed; condition of parole vacated; remanded for resentencing.