Submitted on record and briefs December 3, 1999, reversed with instructions in part and remanded; otherwise affirmed October 4, 2000

## LARRY JAMES LATTYMER,
*Appellant,*

*v.*

## S. Frank THOMPSON,
Superintendent,
Oregon State Penitentiary,
*Respondent.*

## (97C-14464; CA A105532)

12 P3d 535

D. Olcott Thompson filed the brief for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and David F. Coursen, Assistant Attorney General, filed the brief for respondent.

Edmonds, Presiding Judge, and Deits, Chief Judge, and Armstrong, Judge.

DEITS, C. J.

## DEITS, C. J.

Petitioner appeals from an order denying his petition for post-conviction relief. He argues that he was denied adequate assistance of counsel under Article I, section 11, of the Oregon Constitution, and under the Sixth and Fourteenth Amendments to the United States Constitution. Petitioner pled no contest to a charge of attempted rape in the first degree, ORS 163.375, pursuant to a plea agreement. He stipulated to a sentence of 74 months of imprisonment and 10 years of post-prison supervision. The trial court also imposed a number of conditions of post-prison supervision, including the requirements of a psychological examination, mental health treatment, polygraph testing, and a waiver of all client/psychotherapist privileges.

■  To obtain post-conviction relief for inadequate assistance of counsel, a petitioner must show that counsel's performance was deficient and that he was prejudiced by that deficiency. *Stevens v. State of Oregon*, 322 Or 101, 902 P2d 1137 (1995). On appeal, petitioner argues that his trial counsel's performance was deficient in various ways. With one exception that we will discuss, we agree with the trial court's conclusion that the deficiencies that petitioner identifies in counsel's representation of him did not constitute inadequate assistance of counsel under either the state or federal constitution.

■  The one meritorious argument that petitioner makes is his assertion that, in failing to object to the court's imposition of the conditions of petitioner's post-prison supervision, his trial counsel did not provide adequate assistance. Petitioner contends that the law is and was clear that the trial court lacked authority to impose the conditions and that he was prejudiced by his counsel's failure to raise this objection. We agree. Under *State v. Dusenberry*, 130 Or App 205, 880 P2d 515 (1994), and *State v. Potter*, 108 Or App 480, 816 P2d 661 (1991), the trial court lacked authority to impose the conditions.

■  The state appears to agree that the trial court lacked authority to impose the conditions, but it asserts that petitioner's counsel's failure to object to the imposition of the conditions did not constitute inadequate assistance of counsel,

because petitioner has not shown how he has been prejudiced by the imposition of the conditions. The state bases that contention on the fact that petitioner has not shown that the conditions of post-prison supervision have any effect on him now because he is presently imprisoned.

■       Post-conviction relief, however, is available if a sentence is "not in accordance with[ ] the sentence authorized by law for the crime of which petitioner was convicted." ORS 138.530(1)(c). Post-prison supervision is part of a sentence. OAR 213-005-0002(1). Accordingly, a petitioner should not be required to wait until a certain aspect of a sentence affects him or her before challenging its lawfulness. We conclude that petitioner's counsel's failure to challenge the imposition of the conditions of post-prison supervision did prejudice petitioner and therefore constituted inadequate assistance of counsel.

Reversed and remanded with instructions to allow post-conviction relief concerning the conditions of post-prison supervision; otherwise affirmed.