**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HAL ELKINS,

          Petitioner - Appellant,

  v.

BRIAN BELLEQUE, Superintendent,
Oregon State Penitentiary,

          Respondent - Appellee.

No. 09-35034

D.C. No. 3:06-cv-01180-MA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, District Judge, Presiding

Argued and Submitted June 9, 2010
Portland, Oregon

Before: HALL, THOMPSON, and McKEOWN, Circuit Judges.

    Hal Elkins appeals the denial of a habeas corpus petition challenging his

state court conviction of the murder of his then girlfriend, Kathryn Linn, the

attempted murder of Linn's former boyfriend, Marvin Eugene Mayer, and two

counts of first degree assault of Mayer with a firearm. At trial, Elkins mounted an

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

unsuccessful defense of extreme emotional disturbance, claiming he was drunk, despondent, and suicidal when he confronted and shot Linn and Mayer as the two of them were having dinner at a Salem, Oregon restaurant.

Elkins was sentenced to 33 years in state prison—including a determinate sentence of 25 years for the murder pursuant to Oregon Revised Statutes section 163.115(3)(c) (1993), 60 months for the merged assault counts, and 36 months for the attempted murder. In this appeal, Elkins contends that the state courts erred in rejecting his claim that his trial counsel was ineffective in advising him about a plea offer under which he would have pled guilty to murder and attempted murder, and accepted responsibility for the criminal episode, in exchange for dismissal of the assault counts and a recommended sentence of 13 years pursuant to the 1993 Oregon sentencing guidelines—including 120 months for the murder and 36 months for the attempted murder, which was the "presumptive" sentence under Oregon's sentencing guidelines at the time.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas relief is available if the state court's adjudication of the merits of the habeas claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The Supreme

Court has held that *Strickland v. Washington*, 466 U.S. 668 (1984), is the "clearly established" federal law governing habeas claims of ineffective assistance of counsel under AEDPA. *Williams v. Taylor*, 529 U.S. 362, 391 (2000). Under *Strickland*, to establish ineffective assistance of counsel under the Sixth Amendment, the petitioner must demonstrate that counsel's performance "fell below an objective standard of reasonableness … under prevailing professional norms," 466 U.S. at 688, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. In order to satisfy *Strickland*'s prejudice prong in the context of the plea bargaining process, the petitioner must show "that there is a reasonable probability that, but for counsel's errors," he would have accepted the plea offer, rather than insisting on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Weaver v. Palmateer*, 455 F.3d 958, 966 (9th Cir. 2006).

Trial counsel admitted that he did not specifically advise Elkins about the Oregon Supreme Court's decision in *State v. Morgan*, 316 Or. 553 (Or. 1993), which was decided before the prosecutor's plea offer was set to expire. *Morgan* confirmed that, notwithstanding the adoption of the state's sentencing guidelines, a determinate sentence of up to 25 years was still authorized for murder pursuant to former section 163.115(3)(c) of the Oregon Revised Statutes. *Id.* at 558.

However, Elkins's trial counsel credibly testified that he thoroughly discussed the plea offer with his client, including: the sentencing ranges for murder, attempted murder, and first degree assault with a firearm under the Oregon sentencing guidelines; the possibility of upward departures if he went to trial and was convicted on all counts; and the possibility of consecutive sentences because there were two direct victims. As the Oregon Attorney General explains, a departure sentence for murder under the 1993 Oregon sentencing guidelines could have more than doubled the recommended sentence in the plea offer, and could have exceeded the 25-year sentence imposed after trial. Nevertheless, Elkins contends that trial counsel's performance was constitutionally deficient because he did not explain the significance of the *Morgan* decision.

We need not decide whether trial counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, because even if it did, Elkins has not established that he was prejudiced by counsel's failure to advise him about the *Morgan* decision. *See Strickland*, 466 U.S. at 697 (courts may consider either prong of the *Strickland* test first and need not address both prongs if defendant fails on one); *Weaver*, 455 F.3d at 966 ("We are well-advised to bypass scrutinizing a criminal-defense attorney's representation if the defendant cannot show that he was prejudiced by it.").

-4-

As the state court found in the post-conviction relief proceedings, Elkins decided to reject the plea offer, knowing he might face a significantly longer sentence after trial, because he was adamant that he was not guilty of and would *never* plead guilty to murder, and that he wanted to present his "extreme emotional disturbance" theory to the jury. Moreover, Elkins presented no actual evidence that, had he been advised about the meaning of *Morgan*, he would have accepted the plea offer rather than insisting on going to trial. As Elkins's counsel in the state post-conviction appeal candidly acknowledged, although the unverified petition alleged that Elkins would have "accepted the plea bargain" if he had been aware of the *Morgan* decision, Elkins never "directly testif[ied] that he would have taken the plea agreement had he realized the amount of time he actually faced as a consequence of rejecting the plea offer." On appeal to this court, Elkins has not proven otherwise. He has, thus, failed to establish prejudice under the second prong of *Strickland*—i.e., that there is a reasonable probability he would have accepted the plea bargain if he had been advised of his exposure to a determinate sentence of up to 25 years for the murder of Linn. 466 U.S. at 694; *see also Weaver,* 455 F.3d at 966.

The judgment of the district court is AFFIRMED.