On appellant's petition for reconsideration filed November 12, 1991, petition for reconsideration allowed; decision (109 Or App 221, 818 P2d 996) adhered to January 15, reconsideration denied February 19, petition for review allowed April 28, 1992 (313 Or 209)

STATE OF OREGON,
*Respondent,*

*v.*

DUANE "NMN" LONG,
*Appellant.*

(10-90-00555; CA A65593)

823 P2d 1031

Sally L. Avera, Public Defender, and Louis R. Miles, Deputy Public Defender, Salem, for petition.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant petitions for review of our decision that affirmed, without opinion, his conviction for supplying contraband. 109 Or App 221, 818 P2d 996 (1991). We treat the petition as one for reconsideration, ORAP 9.15(1), allow it and adhere to our decision.

In December, 1989, defendant was charged with violating ORS 162.185 by supplying contraband in the Lane County jail. ORS 162.185 provides, in pertinent part:

"(1)  A person commits the crime of supplying contraband if

"(a)  The person knowingly introduces any contraband into a correctional facility, juvenile facility or state hospital; or

"(b)  Being confined in a correctional facility, juvenile facility or state hospital, the person knowingly makes, obtains or possesses any contraband."

ORS 162.135(1) defines "contraband" as

"any article or thing which a person confined in a correctional facility or state hospital is prohibited by statute, rule or order from obtaining or possessing, and whose use would endanger the safety or security of such institution or any person therein."

In August, 1989, the jail promulgated and implemented a rule that defines "contraband" to include tobacco, matches and rolling papers. The indictment accused defendant of being in possession of those items.

Defendant demurred on the ground that ORS 162.185 unconstitutionally delegates authority to local governments to define "contraband." Or Const, Art I, § 21; Art III, § 1; Art IV, § 1.[1] The trial court denied defendant's demurrer and subsequently, he was convicted. Defendant argues that "[d]elegation of legislative authority to local rule-making officials to define an element of a crime is valid only when such a definition exists at the time of the legislative enactment." In support of that argument, he points out that ORS 162.185 was enacted in 1971, Or Laws 1971, ch 743,

---

[1] Neither party raises the propriety of attacking the constitutionality of ORS 162.185 by demurrer.

§ 189, and most recently amended in July, 1989, Or Laws 1989, ch 790, § 53, before the jail's rule was promulgated. He relies on a line of cases, beginning with *Hillman v. North. Wasco Co. PUD*, 213 Or 264, 323 P2d 664 (1958), that hold that the legislature may not adopt, or delegate to an administrative agency the authority to adopt, future modifications to a particular edition of a set of standards or a codification. The state argues that, under *State v. Sargent*, 252 Or 579, 449 P2d 845 (1969), ORS 162.185 is a constitutional delegation of legislative power, because it provides an adequate directive to an agency exercising delegated legislative authority "to determine the existence of facts or circumstances upon which the law will become operative." 252 Or at 580.

The Oregon Constitution does not prohibit delegation of legislative authority, if a statutory scheme contains standards that circumscribe an agency's exercise of delegated powers.[2] *See Warren v. Marion County, supra* n 1, 222 Or at 313; *Meyer v. Lord*, 37 Or App 59, 65, 586 P2d 367 (1978), *rev den* 286 Or 303 (1979). In *State v. Sargent, supra,* the legislature delegated to the Drug Advisory Council the authority to define by regulation what were "dangerous" drugs, the sale or possession of which was unlawful under *former* ORS 475.100 (*repealed by* Or Laws 1977, ch 745, § 54). *Former* ORS 689.660 (*repealed by* Or Laws 1977, ch 745, § 54, and Or Laws 1977, ch 842, § 45), the enabling statute, provided that a "dangerous" drug was any drug that contained

"(3)   Any substance which the council finds as substantially affecting or altering consciousness, the ability to think, critical judgment, motivation, psychomotor coordination or sensory perception, and having potential for abuse when used without medical supervision."

In the light of "the clear legislative denunciation of traffic in dangerous drugs, and * * * the equally clear direction to the appropriate agency to discover and publish the names of drugs that will produce the effects which the legislature has declared to be dangerous to the public," 252 Or at 584, the court upheld the delegation to the Council.

---

[2] The legislature may delegate its authority to a local government, subject to constitutional constraints. *See, e.g., Horner's Market v. Tri-County Trans.*, 256 Or 124, 471 P2d 798 (1970); *Warren v. Marion County*, 222 Or 307, 353 P2d 257 (1960).

The legislature has declared that contraband "means any article or thing * * * whose use would endanger the safety and security" of correctional and juvenile facilities and the state hospital, as well as the persons in those institutions. That definition is a constitutionally sufficient directive to state and local agencies that are given the power to issue rules and orders defining contraband.[3]

Petition for reconsideration allowed; decision adhered to.

---

[3] In *Meyer v. Lord, supra,* we said:

"The existence of *standards* is relevant in assessing the validity of delegation, but the existence of *safeguards* for those whose interests may be affected is determinative." 37 Or App at 59. (Emphasis in original.)

Our review of the record reveals nothing about the safeguards, if any, that applied to the jail's rulemaking process. However, defendant neither raises nor argues that issue. Therefore, we will not consider it. *See State v. Sargent, supra,* 252 Or at 584.