Argued and submitted September 1, decision of Court of Appeals and judgment of circuit court affirmed December 24, 1992

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## DUANE "NMN" LONG,
*Petitioner on Review.*

(CC 10-90-00555; CA A65593; SC S38896)

843 P2d 420

Louis R. Miles, Deputy Public Defender, Salem, argued the cause for petitioner on review. With him on the petition was Sally L. Avera, Public Defender, Salem.

Rives Kistler, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the response were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals his conviction for supplying contraband. ORS 162.185; ORS 162.135(1)(d).[1] He contends that the trial court erred in overruling his demurrer to the indictment.[2] The issue is whether ORS 162.185 unconstitutionally delegates state legislative power to local governments. The Court of Appeals held that it does not and affirmed. *State v. Long*, 109 Or App 221, 818 P2d 996 (1991), *adhered to on reconsideration*, 110 Or App 599, 823 P2d 1031 (1992). We also affirm.

The parties stipulated to the following facts:

In August 1989, the Lane County Adult Corrections Department promulgated and implemented a rule that prohibited inmates of the Lane County jail from possessing tobacco, matches, and rolling papers.

---

[1] ORS 162.185 provides in part:

"(1) A person commits the crime of supplying contraband if:

"* * * * *

"(b) Being confined in a correctional facility * * * the person knowingly makes, obtains or possesses any contraband."

ORS 162.135 provides in part:

"As used in ORS 162.135 to 162.205, unless the context requires otherwise:

"(1) 'Contraband' means:

"* * * * *

"(d) Any article or thing which a person confined in a correctional facility, * * * is prohibited by statute, rule or order from obtaining or possessing, and whose use would endanger the safety or security of such institution or any person therein."

The policy in enacting the statutory definition of contraband is found in the Commentary to the Proposed Oregon Criminal Code, 193 (1970):

"No attempt is made to detail the articles constituting contraband. The designation of specific articles as contraband is properly a prerogative of those in charge of correctional institutions, juvenile training schools and state hospitals. Before criminal liability would attach for supplying contraband it must be shown that the article supplied is prohibited and that its use would endanger the safety or security of the institution or any persons therein."

[2] ORS 135.630 provides in part:

"The defendant may demur to the accusatory instrument when it appears upon the face thereof:

"* * * * *

"(4) That the facts stated do not constitute an offense[.]"

On December 12, 1989, defendant was incarcerated in the Lane County jail; on admission to the jail he was informed of the rule. On that same day, defendant was found in his cell with those contraband items in his possession. On December 19, a smoke alarm led to the discovery of tobacco, matches, rolling papers, and a burning cigarette in defendant's cell. He was charged with violating ORS 162.185.

Defendant demurred to the indictment, arguing that ORS 162.185 unconstitutionally delegates state legislative power to local governments, because that statute incorporates the definition of contraband which *prospectively* adopts rules that define an element of a crime,[3] and because, even if prospective adoption of such rules is constitutionally permissible, it is permitted only where the delegation is *intra*governmental, *i.e.*, from state government to state agency or from local government to local government agency. Defendant relied on Article I, section 21,[4] Article III, section 1,[5] and Article IV, section 1(1),[6] of the Oregon Constitution. The trial court overruled defendant's demurrer. Defendant waived a jury trial and, after a trial to the court on stipulated facts, he was found guilty. Defendant appealed.

The Court of Appeals affirmed,[7] explaining:

"The legislature has declared that contraband 'means any article or thing * * * whose use would endanger the

---

[3] ORS 162.135 was first enacted in 1971, Or Laws 1971, ch 743, § 189, and was amended in July 1989, Or Laws 1989, ch 790, § 53. The relevant Lane County rule was enacted in August 1989.

[4] Article I, section 21, of the Oregon Constitution, provides in part:

"nor shall any law be passed, the taking effect of which shall be made to depend upon any authority, except as provided in this Constitution[.]"

[5] Article III, section 1, of the Oregon Constitution, provides:

"The powers of the Government shall be divided into three seperate [*sic*] departments, the Legislative, the Executive, including the administrative, and the Judicial; and no person charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided."

[6] Article IV, section 1(1), of the Oregon Constitution, provides in part:

"The legislative power of the State, except for the initiative and referendum powers reserved to the people, is vested in a Legislative Assembly * * *."

[7] The Court of Appeals at first affirmed without opinion. 109 Or App 221, 818 P2d 996 (1991). Thereafter, the court allowed defendant's petition for reconsideration and adhered to its earlier decision in a written decision. 110 Or App 559, 823 P2d 1031 (1992).

safety and security' of correctional and juvenile facilities and the state hospital, as well as the persons in those institutions. That definition is a constitutionally sufficient directive to state and local agencies that are given the power to issue rules and orders defining contraband." *State v. Long, supra*, 110 Or App at 603.[8]

Article I, section 21, of the Oregon Constitution, provides that no law shall be passed, "the taking effect of which shall be made to depend upon any authority except as provided in the Constitution." Article III, section 1, of the Oregon Constitution, provides for the separation of powers into the Legislative, the Executive, and Judicial departments. Article IV, section 1(1), of the Oregon Constitution, provides that the legislative power is vested in the Legislative Assembly. Defendant argues that those provisions prohibit delegation of legislative power to make law. We agree. Defendant further argues that the provision in ORS 162.135(1)(d) defining contraband is an unconstitutional delegation of legislative power to make law. We disagree.

In *State v. Sargent*, 252 Or 579, 584, 449 P2d 845 (1969), this court upheld a statute that authorized the Drug Advisory Council, a part of the Executive branch appointed by the Governor, to designate "dangerous" drugs.[9] *Sargent*, like

---

[8] Defendant does not challenge Lane County's rulemaking process, nor does he argue that local correctional institutions may not impose administrative sanctions for possession of contraband within those institutions. He argues only that a violation of the local rule may not be made a state criminal offense.

[9] In *State v. Sargent, supra*, 252 Or at 580-84, this court explained:

"The sole issue is whether the Legislative Assembly may, constitutionally, delegate to an administrative agency the power to define an element of a crime.

"* * * * *

"The Drug Advisory Council, acting under ORS 689.660, decides whether a substance 'affects or alters consciousness, the ability to think, critical judgment, motivation, psychomotor coordination, or sensory perception.' If so, the council may classify the substance as a dangerous drug.

"The Assembly has said, in effect, that any drug is dangerous which produces the results set out in ORS 689.660. The law proscribing transactions in dangerous drugs has been determined by the legislature, and the only function left to the administrative body is that of enumerating the specific chemicals that fall within the statutory ban.

"* * * * *

"In view of the clear legislative denunciation of traffic in dangerous drugs, and in view of the equally clear direction to the appropriate agency to discover and publish the names of drugs that will produce the effects which the legisla-

the present case, was a criminal càse where a defendant challenged the authority of the legislature to confer on others the authority to give definition to an element of a crime. In *Sargent,* this court held that the legislature "cannot delegate its power to make law, but that it can delegate, at least to an agency of government, the power to determine the existence of facts or circumstances mentioned in the law upon which the law will become operative." *Id.* at 580. In *Sargent,* this court rejected the defendant's challenge, stating that the legislature had not delegated its policymaking power. In this case as well, the legislature did not delegate its power to make law, but only the power to determine the existence of facts or circumstances mentioned in the law upon which the law will become operative, *i.e.,* circumstances involving "endanger-[ing] the safety or security of [correctional facilities] or any person therein." ORS 162.135(1)(d).[10] That is constitutionally permissible.

 *State v. Sargent, supra,* sufficiently answers defendant's first argument that statutes may not include definitions that are to be supplied prospectively by rules. *See also Megdal v. Board of Dental Examiners*, 288 Or 293, 297, 605 P2d 273 (1980) (legislative delegation to state licensing board to define "unprofessional conduct" upheld; the constitutional issue is only whether it remains possible for the agency and for reviewing courts to determine when subsequent

---

ture has declared to be a danger to the public, we believe that the seller of drugs is not denied due process of law when he is required to consult the regulations before he undertakes to market a drug.

 "* * * * *

 "* * * [We] hold that the delegation in ORS 475.101(1) does not violate either the state or federal constitution."

[10] Were there any question left whether the legislature intended to delegate authority to implement statutory standards, the minutes of the legislative subcommittee that reviewed this statute provided the answer. The subcommittee made clear its understanding that the legislature would delegate authority to individual correctional institutions to define contraband the same way it delegated authority to the Pharmacy Board to define a dangerous drug:

 "Mr. Spaulding observed that this section leaves to the person in charge of the facility the determination of what would be considered contraband. Mr. Wallingford explained that this approach is similar to present law in the area of dangerous drugs where the Pharmacy Board determines what is a dangerous drug." Minutes, Oregon Criminal Law Commission, Subcommittee No. 1, Nov. 6, 1969, at 18.

agency rules or actions have honored and when they have departed from the general policy indicated by the legislature); *Anderson v. Peden*, 284 Or 313, 325, 587 P2d 59 (1978) (legislative delegation to county board of commissioners giving "administrative discretion in further policy development contemplated by the ordinance" upheld).[11]

Just as the state Drug Advisory Council in *State v. Sargent, supra,* was authorized to enumerate the specific chemicals that fell within the statutory ban on the sale or possession of dangerous drugs, in this case the Lane County Adult Corrections Department could designate by rule those items whose possession and use the county determined "would endanger the safety or security of the county jail or any person therein."

Defendant next argues that, even if prospective adoption of a rule is constitutionally permissible, it is permitted only where the delegation of legislative authority is *intra*governmental. He argues that *inter*governmental delegation is constitutionally impermissible. We find no case law or logic to support that proposed distinction. This court has never held that the legislature may not delegate authority to local governmental bodies to adopt rules that define or implement broad statutory standards. To the contrary, the court has long recognized that such delegations are constitutional. *See, e.g., Horner's Market v. Tri-County Trans.,* 256 Or 124, 471 P2d 798 (1970) (upholding delegation to cities), *overruled on other grounds, Multnomah County v. Mittleman,* 275 Or 545, 557-58, 552 P2d 242 (1976); *Warren v. Marion County,* 222

---

[11] Defendant's reliance on *Seale v. McKennon*, 215 Or 562, 572, 336 P2d 340 (1959), is misplaced. In *Seale*, this court stated:

> "When a statute adopts by specific reference the provisions of another statute, regulation, or ordinance, such provisions are incorporated in the form in which they exist at the time of the reference, and not as subsequently modified[.]"

Because ORS 162.185, the relevant statute in this case, does not specifically refer to the provisions of another statute, regulation, or ordinance, that rule is not applicable here.

Defendant's reliance on *Hillman v. North. Wasco Co. PUD*, 213 Or 264, 323 P2d 664 (1958), *overruled on other grounds, Maulding v. Clackamas Co.*, 278 Or 359, 563 P2d 731 (1977), similarly is misplaced. In *Hillman*, this court invalidated legislation that delegated authority to "a private agency over which no department of our government has any control." 213 Or at 279. The private agency in that case was not bound to follow the legislature's standards.

Or 307, 353 P2d 257 (1960) (upholding delegation to counties); *see also* Koch, Administrative Law and Practices § 1.22 (1985) (discussing the nondelegation of authority doctrine); 1 Davis, Administrative Law Treatise §§ 3:12-3:15 (2d ed 1978) (discussing limits on delegation). Indeed, far from holding that the Oregon Constitution forbids delegating state legislative power to local governmental bodies, this court has stated that "broad delegation of policymaking [i]s least vulnerable when it [i]s given 'to an elected local government that itself ha[s] political accountability for lawmaking as well as administration.' *Cf. Warren v. Marion County, [supra]."* *Megdal v. Board of Dental Examiners, supra,* 288 Or at 298 n 3. The case law focuses, quite correctly, on the presence or absence of adequate legislative standards and whether the legislative policy has been followed.

For the reasons explained above, we hold that ORS 162.185 does not unconstitutionally delegate state legislative authority to local governments as argued by defendant.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.