Argued and submitted May 10, affirmed July 14, appellant's petition for reconsideration filed September 14 allowed by opinion October 20, 1993
See 124 Or App 87, 860 P2d 894 (1993)

STATE OF OREGON,
*Respondent,*

*v.*

TODD DANIEL DAVILLA,
*Appellant.*

(92-4; CA A74228)

855 P2d 1160

Wm. Timothy Lyons, Oregon City, argued the cause and filed the brief for appellant.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Defendant pled guilty to murder, burglary in the first degree, and attempted rape in the first degree. ORS 163.115; ORS 164.225; ORS 161.405; ORS 163.375. He appeals from the sentences imposed of life imprisonment, followed by consecutive sentences. We affirm.

Defendant was 16 years old on August 13, 1991, when he attempted to rape the victim and then murdered her, nearly decapitating her. He was originally charged by petitions filed in juvenile court with committing offenses which, if committed by an adult, would constitute the crimes of aggravated murder (four counts), murder (one count), burglary in the first degree (five counts) and attempted rape in the first degree (two counts). On August 22, the state filed a motion to remand the case to circuit court. Between then and the hearing on January 14 and 15, 1992, defendant and the state engaged in negotiations that resulted in defendant agreeing to plead guilty to murder in exchange for the state's agreement not to prosecute the charges of aggravated murder.

At the January hearing, the court considered the motion to remand. Defendant informed the court that he had decided not to contest the motion. The court explained to defendant that, if he changed his mind "at some later date about the wisdom of this decision, it would be too late." Defendant indicated that he understood. The state then presented evidence, and the hearing was continued to the following day.

On the second day, the court entered findings and remanded defendant. Defendant then waived his right to a grand jury. The hearing proceeded to arraignment on the district attorney's information charging defendant with the three offenses. As part of the agreements between defendant and the state, defendant elected to go forward at the same hearing and presented the court with his petition to enter pleas of guilty, as well as an exhibit, which outlined the agreements. In an extended colloquy with defendant, the court then reviewed and explained the consequences of a decision to plead guilty based on the petition. The court explained that, if defendant pled guilty, there was a strong

possibility that he would never be out of confinement. Defendant then pled guilty to each charge.

The negotiations between the state and defendant resulted in an agreement in which, in exchange for defendant's plea of guilty, the state agreed not to bring charges of aggravated murder. Defendant acknowledged that the state would make no sentencing concessions on the charges of murder and burglary and would not ask for additional incarceration on the rape charge.

After the negotiations and agreement were presented to the court, it imposed the sentences challenged here. Under ORS 138.222(2)(d), we may not review a sentence that has resulted from a plea agreement. *State v. Adams,* 315 Or 359, 847 P2d 397 (1993). The sentences here resulted from the plea agreement that removed the possibility that defendant would have to stand trial on charges of aggravated murder and that the state would have to prosecute those charges. We may not review the claimed errors. *See State v. Tanner,* 121 Or App 104, 854 P2d 941 (1993); *State v. Kilborn,* 120 Or App 462, 852 P2d 935 (1993); *State v. Johnston,* 120 Or App 165, 851 P2d 1156 (1993).[1]

After the court accepted defendant's guilty plea, but before imposition of sentence, defendant moved to rescind the remand order and to return the case to juvenile court. ORS 419.533(4). He assigns error to the court's denial of that motion. ORS 138.050 and ORS 138.222 permit review on direct appeal only of the sentence. His claim of error is beyond our scope of review.

Affirmed.

---

[1] We are aware that defendant is in the somewhat anomalous position of having been sentenced to a term of life imprisonment under ORS 163.115 and that the Supreme Court has held that that term of imprisonment can no longer be imposed. *State v. Morgan,* 316 Or 553, 856 P2d 612 (1993). However, we note that defendant's position is also analogous to that of the defendant in *State v. Adams, supra,* who was sentenced according to a grid block that did not accurately reflect his criminal history score, despite the requirements of ORS 135.407.