Submitted on record and briefs February 22, affirmed September 27, 2006

STATE OF OREGON,
*Respondent,*

*v.*

MARCIA M. KRUEGER,
*Appellant.*

0208-48646, 0211-53303; A122970 (Control), A122971
(Cases Consolidated)

144 P3d 1007

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Joshua B. Crowther, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Benjamin R. Hartman, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman* and Ortega, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

In these consolidated cases, defendant appeals two judgments of conviction for unlawful prostitution activities, Portland City Code (PCC) 14A.40.050. She assigns error to the overruling of her demurrer to the complaints, arguing that PCC 14A.40.050 is unconstitutional because it is preempted by state statute and is impermissibly vague. We affirm.

Because this case comes to us on a demurrer, the facts underlying the citations are not relevant. *State v. Illig-Renn*, 341 Or 228, 230 n 2, 142 P3d 62 (2006). Defendant was cited for violating PCC 14A.40.050, which provides, in pertinent part, that "[i]t is unlawful for any person to engage in any prostitution procurement activity with an intent to induce, entice, solicit, procure, locate, or contact another person to commit an act of prostitution." The ordinance defines the term "prostitution procurement activity" as "any conduct by any person that constitutes a substantial step in furtherance of an act of prostitution" and goes on to provide that "[s]uch activity includes, but is not limited to, lingering in or near any street or public place, repeatedly circling an area in a motor vehicle, or repeatedly beckoning to, contacting, or attempting to stop pedestrians or motor vehicle operators." *Id.*

Defendant demurred to the complaints, arguing that PCC 14A.40.050 is unconstitutional because it is preempted by state law and is impermissibly vague. The court overruled the demurrer, and defendant was convicted following a trial to the court. On appeal, defendant renews her constitutional challenges to the provisions of the ordinance that she was convicted of violating.

■ Defendant first argues that the ordinance is preempted by state law, specifically the state statutes that define the criminal offenses of prostitution and attempted prostitution. According to defendant, the ordinance conflicts with state law because it prohibits an act that the state statutes allow. Defendant begins by noting that relevant state statutes prohibit taking a "substantial step," ORS 161.405, toward "engag[ing] in or offer[ing] or agree[ing] to engage in

sexual conduct or sexual contact in return for a fee." ORS 167.007(1). Defendant then observes that the challenged ordinance provides a list of acts that would constitute a "substantial step" toward engaging in prostitution and that among the acts on the list are "lingering in or near any street or public place, repeatedly circling an area in a motor vehicle, or repeatedly beckoning to, contacting or attempting to stop pedestrians or motor vehicle operators." The problem, argues defendant, is that the state statutes do not prohibit any of those acts and, instead, prohibit only those acts that constitute a substantial step. Thus, she concludes, state law permits them, contrary to the preempted ordinance.

The state responds that the statutes on which defendant relies do not permit the conduct that the ordinance prohibits. According to the state, the statutes and the ordinance prohibit precisely the same conduct. In any event, the state argues, even assuming that defendant were correct that the state law does not prohibit the conduct that the ordinance does, it does not necessarily follow that the state law permits what it does not expressly prohibit. The state is correct in both assertions.

Under Article XI, section 2, of the Oregon Constitution, Oregon's municipalities may not enact ordinances that "conflict" with state laws, *City of Portland v. Dollarhide*, 300 Or 490, 501, 714 P2d 220 (1986). An ordinance is said to "conflict" with a state statute if the ordinance either prohibits conduct that the statute permits, or permits conduct that the statute prohibits. *Id.* at 502.

In this case, the challenged ordinance does not prohibit what the state statute permits. First, the state is correct that the ordinance and the statutes on which defendant relies prohibit the same conduct. PCC 14A.40.050 prohibits not just "lingering in or near any street or public place, repeatedly circling an area in a motor vehicle, or repeatedly beckoning to, contacting, or attempting to stop pedestrians or motor vehicle operators," but doing so "with an intent to induce, entice, solicit, procure, locate, or contact another person to commit an act of prostitution." PCC 14A.40.050(B). State law similarly prohibits conduct that constitutes a "substantial step" toward prostitution, that is conduct that is

accompanied by a "conscious objective * * * to engage in" sexual activity for a fee. ORS 167.007; ORS 161.405; ORS 161.085(7).

Second, even if defendant were correct that the conduct that the city ordinance prohibits is not also prohibited by state law, it does not follow that there is a conflict between the two. The fact that a state statute does not expressly prohibit conduct does not establish that the state statute affirmatively permits that conduct. *See City of Portland v. Jackson*, 316 Or 143, 149, 850 P2d 1093 (1993) (courts "cannot simply assume that, *by its silence*, the legislature intended to *permit* conduct made punishable under an ordinance") (emphasis in original). There is nothing on the face of the state statutes on which defendant relies that suggests the legislature intended to permit the conduct prohibited by PCC 14A.40.050. Defendant identifies no other evidence—and we are not aware of any—that the legislature intended affirmatively to permit actions that are prohibited by that ordinance. We conclude that the trial court did not err in determining that PCC 14A.40.050 is not preempted by state law.

■   Defendant also argues that PCC 14A.40.050 is, on its face, unconstitutionally vague. Specifically, defendant argues that the terms "linger," "prostitution procurement activities," and "repeatedly circling" are so vague that they provide no basis for application, in derogation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution as well as Article I, sections 21 and 22, of the Oregon Constitution. The state responds that, even if the ordinance is ambiguous enough to raise questions about its applicability to circumstances "at the margins," the ordinance quite unambiguously prohibits the behavior engaged in by defendant, and, as a result, defendant is precluded from bringing a facial vagueness challenge. We agree with the state.

■   As the Supreme Court recently explained in *Illig-Renn*, to say that a law is unconstitutionally "vague" can refer to any of three different problems. First, a statute may be so vaguely crafted as to permit arbitrary or unequal application and uncontrolled discretion, in violation of Article I, sections 20 and 21, of the Oregon Constitution. 341 Or at 239.

Second, a statute may create an "unlawful delegation issue" under the Due Process Clause of the Fourteenth Amendment in that it contains no identifiable standards or employs standards that rely on the "shifting and subjective judgments of the persons who are charged with enforcing it." *Id.* at 240. Third, a statute may be so poorly written as to fail to provide "fair warning" of the conduct that it prohibits, in violation of the Due Process Clause. *Id.* at 241. In all events, to prevail on a facial vagueness challenge, the defendant must demonstrate that the statute "is unconstitutionally vague in all of its possible applications." *State v. Chakerian*, 325 Or 370, 381, 938 P2d 756 (1997). That is to say, if we can identify conduct that the statute clearly proscribes, then it is irrelevant that the defendant is able to identify problems concerning how the statute might be applied to other conduct. *Id.* at 382.

In this case, the nature of defendant's vagueness challenge is not entirely clear. She cites both the state and federal constitutions, but the only argument that she develops in her brief is that PCC 14A.40.050 is "not sufficiently explicit to inform those who are subject to it of what conduct on their part will render them liable to its penalties." That is a vagueness challenge of the "fair warning" variety. We proceed under the assumption that defendant's vagueness challenge is of that particular type.

That vagueness challenge fails for two reasons. To begin with, defendant has not established that the ordinance is unconstitutionally invalid in all of its possible applications. As the state correctly points out, whatever vagueness issues may be conjured up in the abstract, the fact remains that the statute clearly applies, for example, to an individual who stands on a street corner and flags traffic for the express purpose of soliciting an act of prostitution.

Aside from that, the specific terms about which defendant complains are not so vague as to deny members of the public fair warning of the conduct that is prohibited. In that regard, our decision in *State ex rel Juv. Dept. v. D.*, 27 Or App 861, 557 P2d 687 (1976), *rev den*, 278 Or 1 (1977), is instructive. In that case, we held that, when evaluating an ordinance for unconstitutional vagueness, we must always

examine the words in context. Even words that, by themselves, might otherwise be unclear, may derive clarification from their use in context. *Id.* at 866. Thus, in that case, we concluded that the term "loitering" in a local prostitution ordinance was not unconstitutionally vague because, as employed in the particular ordinance at issue, the term clearly referred to loitering "in a manner * * * manifesting the purpose of soliciting or procuring an act of prostitution." *Id.*; *see also City of Portland v. Levi,* 98 Or App 341, 779 P2d 192 (1989) (same ordinance upheld as against state constitutional vagueness challenge).

So also in this case, each of the terms that defendant asserts is objectionable, while perhaps less than concrete in isolation, pose no constitutional problems when viewed in context. As in *D.*, each of the terms at issue is clearly tied to conduct committed in a manner manifesting a particular intent, in this case, "an intent to induce, entice, solicit, procure, locate, or contact another person to commit an act of prostitution." PCC 14A.40.050(B).

We conclude that the trial court did not err in overruling defendant's demurrer.

Affirmed.