Argued and submitted May 13, 2009, reversed and remanded for resentencing
April 14, 2010

STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

TODD DANIEL DAVILLA,
*Defendant-Respondent.*

Clackamas County Circuit Court
CR9200004; A136800

230 P3d 22

Timothy A. Sylwester argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Kendra Matthews argued the cause for respondent. With her on the brief were Marc D. Blackman, and Ransom Blackman LLP.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Sercombe, Judge.*

WOLLHEIM, P. J.

---

* Brewer, C. J., *vice* Edmonds, P. J.

## WOLLHEIM, P. J.

The state appeals a judgment imposing a sentence on defendant on his conviction for murder, ORS 163.115, for an offense committed in 1991. The trial court imposed a sentence of life imprisonment with immediate eligibility for parole pursuant to ORS 163.115(3)(a) (1989), *amended by* Or Laws 1995, ch 421, § 3, after the court determined that the sentencing guidelines were invalid on constitutional grounds. We review to determine, as a matter of law, whether the "sentencing court failed to comply with the requirements of law in imposing or failing to impose a sentence." ORS 138.222(4)(a). We reverse and remand.

### I. PROCEDURAL HISTORY

This case has a long history; this is the sixth time that this court has considered defendant's sentence for murder. In 1991, when defendant was 16 years old, he forcibly entered a home, attempted to rape a woman, and then murdered her.

After the state filed a motion to remand the case from juvenile court to circuit court, defendant and the state reached a plea agreement. The case was remanded to circuit court. The state agreed not to prosecute defendant for aggravated murder, and defendant entered, pursuant to the plea agreement, guilty pleas to murder, ORS 163.115, burglary in the first degree, ORS 164.225, and attempted rape in the first degree, ORS 161.405, ORS 163.375.[1] Defendant and the state also agreed that the "Uniform Sentencing Guidelines Grid Blocks apply" and that, pursuant to those guidelines, his murder conviction had a crime seriousness level of 11 and he had a criminal history score of I. Under those circumstances, the sentencing guidelines provide a presumptive term of incarceration of 120 to 121 months.

The trial court, however, did not proceed to impose sentence under the guidelines. Rather, the trial court proceeded under ORS 163.115(3)(a) (1989) and sentenced defendant to life imprisonment. On appeal, we affirmed. *State v. Davilla*, 121 Or App 583, 855 P2d 1160, *adh'd to on recons*,

---

[1] This appeal concerns the sentence imposed on the murder conviction.

124 Or App 87, 860 P2d 894 (1993), *rev den*, 318 Or 351 (1994) (*Davilla I*).

Defendant then petitioned for post-conviction relief, relying on *State v. Morgan*, 316 Or 553, 856 P2d 612 (1993), for the proposition that the indeterminate life sentence imposed on him was invalid because ORS 163.115(3)(a) (1989) had been superseded by enactment of the sentencing guidelines. The post-conviction court granted his petition on that basis and vacated his sentence. We affirmed without opinion. *Davilla v. Zenon*, 147 Or App 241, 932 P2d 1217, *rev den*, 325 Or 403 (1997) (*Davilla II*).

On remand, in 1995, the sentencing court proceeded under the guidelines in accordance with the parties' original plea agreement as to the relevant crime seriousness and criminal history classifications noted in the plea agreement. However, the court found multiple aggravating factors under the sentencing guidelines and imposed a departure sentence of 1,394 months (approximately 116 years).

Defendant appealed from that sentence, arguing that the guidelines could not be applied to him under ORS 161.620 (1989), *amended by* Or Laws 1995, ch 422, § 131y. ORS 161.620 (1989) prevented a circuit court from imposing on a juvenile (1) "any sentence of death or life imprisonment without the possibility of release or parole" or (2) "any mandatory minimum sentence except that a mandatory minimum sentence under ORS 163.105(1)(c) [for aggravated murder] shall be imposed where the person was 17 years of age at the time of the offense." We concluded that determinate sentences under the guidelines are not mandatory minimum sentences. *State v. Davilla*, 157 Or App 639, 645, 972 P2d 902 (1998), *rev den*, 334 Or 76 (2002) (*Davilla III*). However, we vacated the sentence imposed, on the basis that a sentence that included a prison term of 116 years was equivalent to a prison term of life without the possibility of release or parole. *Id.* at 643. Accordingly, we remanded for resentencing with the instruction that "the trial court is to impose sentence under the guidelines." *Id.* at 645-47.

On remand, in 2002, the sentencing court proceeded in accordance with the 1995 court's findings and imposed a departure sentence of 684 months (57 years) on the murder

conviction. Although, on appeal, we initially affirmed without opinion, *State v. Davilla*, 193 Or App 484, 93 P3d 845 (2004) (*Davilla IV*), defendant sought reconsideration based on the then-recent United States Supreme Court decision in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). We granted reconsideration, withdrew our opinion, and remanded for resentencing under *State v. Gornick*, 196 Or App 397, 102 P3d 734 (2004), *rev'd on other grounds*, 340 Or 160, 130 P3d 780 (2006) (waiver of the defendant's Sixth Amendment right to a jury trial implicit in the guilty plea did not also waive the defendant's right to have a jury determine aggravating factors that would support a departure sentence). *State v. Davilla*, 196 Or App 783, 103 P3d 671 (2004) (*Davilla V*).[2]

## II. SENTENCING COURT'S RULING

On remand after our 2004 decision, the state provided notice to defendant of its intent to prove specific aggravating factors to support an upward departure sentence under the sentencing guidelines. *See* Senate Bill (SB) 528 §§ 2(2), 21(3) (2005) (now codified at ORS 136.765(2)); *see also State v. Upton*, 339 Or 673, 681-82, 125 P3d 713 (2005) (SB 528 provides a procedural mechanism to comply with the constitutional issues addressed in *Blakely*). The state's notice alleged four aggravating facts:

"1) The defendant demonstrated deliberate cruelty toward the victim * * *.

"2) The defendant used a dangerous weapon in the commission of this crime.

"3) The conduct of the defendant that caused the death of [victim] was committed deliberately and with the reasonable expectation that the death * * * would result.

"4) The defendant committed this murder in an effort to conceal his commission of the crimes of Attempted Rape I and Burglary I."

---

[2] The state did not seek further review in this court from our decision after *Gornick* was reversed by the Supreme Court.

Defendant filed a demurrer challenging the state's notice on the basis that, among other things, the notice was not constitutionally adequate and that the aggravating factors provided in the sentencing guidelines were the result of an unconstitutional delegation of legislative authority.

The sentencing court granted the demurrer based on defendant's unconstitutional delegation argument. The court concluded that aggravating factors for sentencing are elements of an offense, that elements of an offense must be enacted by statute, and that because the aggravating factors were not enacted by statute, the establishment of those aggravating factors resulted from an improper delegation of legislative authority. The court then determined that the legislature would not have enacted the remainder of the sentencing guidelines without the aggravating factors and that the sentencing guidelines, therefore, had no continuing legal effect. Consequently, the court relied on the sentencing framework that existed *before* the enactment of the guidelines—that is, ORS 163.115 (1989), the same statutory basis under which defendant was *initially* sentenced—and imposed a sentence of an indeterminate life term with immediate eligibility for parole.

On appeal, the state assigns as error the trial court's allowance of defendant's demurrer and its imposition of a sentence of a life term with immediate eligibility for parole. The state argues that, even if enhancement factors are elements of an offense, the legislature expressly approved those aggravating factors and did not impermissibly delegate their establishment. Alternatively, the state argues that enhancement factors are not elements of an offense.

Defendant presents four separate arguments why the trial court properly rejected the sentencing guidelines and relied on ORS 163.115 (1989) in imposing sentence on defendant. Three of those arguments assert that the sentencing guidelines are invalid on constitutional grounds and that ORS 163.115 (1989) provides the statutory authority for imposing sentence on defendant's murder conviction. First, defendant argues that the trial court was correct in concluding that the guidelines are invalid because the *legislative*

branch unconstitutionally delegated the definition of aggravating factors under the guidelines to the *executive* branch. Second, defendant argues that the guidelines are unconstitutional as the product of an unconstitutional delegation of authority from the *legislative* branch to the *judicial* branch. Third, defendant argues that the sentence guidelines are unconstitutional on grounds of vagueness. Defendant's fourth argument asserts that ORS 163.115(3)(a) (1989) properly controls sentencing despite the Supreme Court's decision in *Morgan*, 316 Or at 560, that ORS 163.115(3)(a) (1989) was superseded by the legislature's enactment of the guidelines. Defendant argues that the legislature's 1995 enactment of amendments to ORS 163.115, Or Laws 1995, ch 421, § 3, statutorily overruled *Morgan*.

## III. LEGAL ANALYSIS

We proceed by first considering the trial court's determination that the sentencing guidelines are the product of an unconstitutional delegation of authority by the legislative branch to the executive branch. As explained below, we conclude that the sentencing guidelines are not invalid on that basis.

A. *Delegation of Legislative Authority to the Executive Branch*

Before considering whether the legislature unconstitutionally delegated its authority to approve enhancement facts for sentencing purposes to an administrative agency, we describe the process through which the sentencing guidelines were enacted. The legislature created the State Sentencing Guidelines Board (board) in 1987 and empowered the board to adopt "sentencing guidelines for all offenses punishable by imprisonment in state prisons." Or Laws 1987, ch 619, §§ 3(1), 4(1). The legislature subjected the board, in creating those guidelines, to the following considerations:

"(a) The primary function of sentencing in this state is to punish each criminal offender appropriately and insure the security of the public in person and property,

"(b) Factors relevant to appropriate sentencing include severity of the offense, criminal history of the offender, aggravating and mitigating circumstances of the

offense, performance under probationary supervision, deterrence, reformation, prevention of recidivism, effective capacity of state and local corrections facilities and other sentencing sanctions available;

"(c) Sentencing guidelines are intended to guide and coordinate, but not diminish, the importance of judicial discretion in sentencing; and

"(d) Efficient use of correctional resources requires use of the least restrictive appropriate criminal sanction necessary to achieve the purposes of the sentence."

Or Laws 1987, ch 619, §§ 4(2), 2(2).

The legislature mandated that the board "submit the guidelines as adopted, and any amendments which may be adopted from time to time, to the Legislative Assembly." The legislature provided that the guidelines and amendments do *not* become effective until *after* the close of the legislative session in which the guidelines and amendments are submitted. Or Laws 1987, ch 619, § 4(1).

As developed by the board and submitted to the legislature, the guidelines developed a range of presumptive sentences and included a nonexclusive list of mitigating and aggravating factors to be considered by the sentencing court in determining whether there are substantial and compelling reasons authorizing the imposition of a sentence departing from the presumptive sentence. OAR 253-08-002 (1989), *renumbered as* OAR 213-008-0002 (1996). The 1989 Legislative Assembly approved the sentencing guidelines developed by the board by enacting House Bill (HB) 2250 into law. Or Laws 1989, ch 790, § 87. In addition, HB 2250 added subsection (2) to ORS 137.080, which provides that "the consideration of aggravating and mitigating circumstances as to felonies committed on or after November 1, 1989 * * * shall be in accordance with rules of the State Sentencing Guidelines Board."[3] Or Laws 1989, ch 790, § 9.

Thus, "[a]lthough the sentencing guidelines were created as administrative rules, the legislature * * * g[ave] them the authority of statutory law." *State v. Langdon*, 330

---

[3] The board was renamed the Oregon Criminal Justice Commission. Or Laws 1995, ch 420, § 11.

Or 72, 74, 999 P2d 1127 (2000); *accord Layton v. Hall*, 181 Or App 581, 587 n 5, 47 P3d 898 (2002) (sentencing guidelines "are treated as statutory law"). Nonetheless, the guidelines themselves remain administrative rules and not statutes. *State v. Norris*, 188 Or App 318, 343, 72 P3d 103, *rev den*, 336 Or 126 (2003).

■     We turn to whether the aggravating factors provided in the sentencing guidelines and that were approved by the legislature in 1989 are the result of an unconstitutional delegation of legislative authority to the board. Three provisions of the Oregon Constitution, taken together, prohibit the delegation of legislative power to make laws. *State v. Long*, 315 Or 95, 99, 843 P2d 420 (1992). Those provisions are Article IV, section 1(1), which vests the legislative power of the state in the Legislative Assembly;[4] Article III, section 1, which provides that "no person charged with official duties" to either the executive or judicial branches of government "shall exercise any of the functions" of the Legislative Assembly; and Article I, section 21, which provides, "[n]or shall any law be passed, the taking effect of which shall be made to depend upon any authority, except as provided in this Constitution." *Long*, 315 Or at 99.

■■     The constitutional prohibition on delegation of legislative powers is not absolute. The legislature may delegate authority to other bodies "to adopt rules that define or implement broad statutory standards." *Id.* at 101. Whether the legislature unconstitutionally delegates its authority in any particular instance, therefore, depends "on the presence or absence of adequate legislative standards and whether the legislative policy has been followed."[5] *Id.* at 102.

---

[4] Article IV, section 1(1) provides, "The legislative power of the state, except for the initiative and referendum powers reserved to the people, is vested in a Legislative Assembly, consisting of a Senate and a House of Representatives."

[5] Defendant quotes *State v. Sargent*, 252 Or 579, 580, 449 P2d 845 (1969), for the proposition that "the legislature cannot constitutionally 'delegate to an administrative agency the power to define an element of a crime.'" In *Sargent*, the Supreme Court addressed the defendant's argument that the legislature unconstitutionally delegated the definition of the phrase "dangerous drug" to the State Board of Pharmacy. The court concluded that the delegation of that definitional authority to the State Board of Pharmacy was appropriate and did not violate any constitutional provision.

■    We determine that the legislature's delegation of
authority to develop sentencing guidelines as an administra-
tive rule by the board was constitutionally permissible. The
legislature provided standards directing the board's develop-
ment of the guidelines in Oregon Laws 1987, chapter 619,
section 2(2). Furthermore, the legislature ensured that its
policy directives would be, in fact, followed by the board in
defining and implementing the legislature's broad statutory
standards: The legislature reserved the power to disapprove
the guidelines before the guidelines would go into effect by
requiring the board to submit them to the legislature prior to
their effective date. Or Laws 1987, ch 619, § 4(1). In fact, on
its first review of the sentencing guidelines developed by the
board, the legislature approved them—and the definition of
aggravating factors specified therein—and thereby certified
that the guidelines, and the delineation of aggravating fac-
tors contained therein, served the requisite legislative stan-
dards that they were intended to address. Or Laws 1989,
ch 790, § 87.

In sum, the legislature's delegation of authority to
the board to develop the guidelines was not the product of an
unconstitutional delegation of legislative power to the exec-
utive branch. The trial court erred in concluding otherwise.

B.  *Defendant's Alternative Bases for Affirmance*

Defendant argues that, even if we conclude that the
trial court's reasoning in imposing sentence was erroneous,
the trial court's imposition of an indeterminate sentence of
life with immediate eligibility for parole was nonetheless
lawful. *See Outdoor Media Dimensions Inc. v. State of
Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001) (an appellate
court may affirm a decision of the trial court that was predi-
cated on erroneous reasoning if the decision is correct for an
alternative reason). Defendant advances three arguments:
(1) that the sentence imposed by the trial court was lawful
under ORS 163.115(3)(a) (1989); (2) that the guidelines are
an unconstitutional delegation of authority by legislative
branch to the judicial branch; and (3) that the aggravating
factors identified in the guidelines are unconstitutionally
vague under Article I, sections 20 and 21, of the Oregon
Constitution.

1. *Sentencing Authority Pursuant to ORS 163.115(3)(a) (1989)*

▪ Defendant argues that the trial court's imposition of an indeterminate life term with immediate eligibility for parole was proper under ORS 163.115(3)(a) (1989). ORS 163.115(3)(a) (1989) provided, "A person convicted of murder shall be punished by imprisonment for life." However, the Supreme Court determined that the legislature's enactment of the sentencing guidelines impliedly repealed the mandatory life term provision of ORS 163.115(3)(a) (1989). *Morgan*, 316 Or at 560; *State v. Francis*, 154 Or App 486, 491, 962 P2d 45, *rev den*, 327 Or 554 (1998). Instead, after enactment of the guidelines, the Supreme Court observed that, if an indeterminate sentence of life under ORS 163.115(3)(a) (1989) could be imposed under the guidelines, it could be imposed only as a departure sentence. *Morgan*, 316 Or at 559.

Subsequently, in 1995, the legislature enacted HB 3439, which amended ORS 163.115. Or Laws 1995, ch 421, § 3. By that amendment, the legislature revived the effect that ORS 163.115 had before enactment of the guidelines: that a person convicted of murder under ORS 163.115 must receive a sentence of a life term in prison and should not be sentenced under the guidelines. *Francis*, 154 Or App at 491. Defendant argues that the 1995 amendment demonstrates that the Supreme Court's interpretation of ORS 163.115 (1989) was wrong. The problem with defendant's argument is that HB 3439 became effective on June 30, 1995; it therefore did not even attempt to alter the meaning of the statutory text as it existed in 1989. Or Laws 1995, ch 421, § 5.

Perhaps more importantly, this court is bound to follow the Supreme Court's prior interpretation of the 1989 version of the statute in *Morgan*. *Stephens v. Bohlman*, 314 Or 344, 350 n 6, 838 P2d 600 (1992) (Supreme Court's interpretation of a statute "becomes a part of the statute as if written into it at the time of its enactment"). Because ORS 163.115(3)(a) (1989) provides that an indeterminate life term of incarceration can be imposed, at best, only as a departure sentence under the guidelines, *see Morgan*, 316 Or at 559, we cannot construe ORS 163.115(3)(a) (1989) to have provided

authority for the trial court to have imposed sentence *independently* of the guidelines. For that reason, we reject defendant's first alternative argument.

### 2. *Delegation of Legislative Authority to the Judiciary*

Defendant's second alternative argument for affirmance is that the sentencing guidelines provide unbridled discretion to the trial court in imposing a departure sentence on a murder conviction under the guidelines. Defendant argues that, because the sentencing guidelines do not limit the trial court's imposition of a departure sentence to no more than twice the presumptive sentence, OAR 253-08-004 (1989), the legislative branch has improperly delegated authority to the judicial branch to issue departure sentences without any legislative constraints. Defendant concludes that that failure violates numerous provisions of the Oregon and United States constitutions.

The problem with defendant's argument is that his predicate proposition—that the sentencing guidelines do not limit the trial court's discretion to impose upward departure sentences on defendant—is incorrect. In fact, we have already established that the legislature *has* limited the trial court's discretion to impose an upward departure sentence in *this* case.

In *Davilla III*, 157 Or App at 645-47, we observed that the legislature authorized the trial court to impose, on a person who committed aggravated murder in 1991 at the age of 17, a sentence of life imprisonment with the possibility of parole after 20 years. ORS 161.620 (1989); ORS 163.105(2) (1989). We noted that, when read in conjunction with the proportionality requirement of Article I, section 16, of the Oregon Constitution,[6] defendant, who was 16 years old when he committed (nonaggravated) murder, could not receive any greater sentence than life imprisonment with the possibility of parole after 20 years. *Id.* at 647. Consequently, ORS 161.620 (1989) and ORS 163.105(2) (1989) imposed an upper

---

[6] Article I, section 16, of the Oregon Constitution provides, in part, that "all penalties shall be proportioned to the offense."

limit on the court's authority to impose sentence on defendant in this case. We reject defendant's second alternative argument for affirmance on that basis.

### 3. *Void for Vagueness*

■ Finally, defendant argues that no departure sentence can be imposed under the sentencing guidelines because the definition of the aggravating factors is so vague as to render the guidelines void. Defendant notes that ORS 137.671 authorizes a court to impose a sentence outside the sentencing range only if it finds "substantial and compelling reasons justifying a deviation from the presumptive sentence." Defendant reasons that the phrase "substantial and compelling reasons" is unconstitutionally vague under three different theories of vagueness identified in *State v. Krueger*, 208 Or App 166, 170-71, 144 P3d 1007 (2006). Those theories are (1) that the law is "so vaguely crafted as to permit arbitrary or unequal application and uncontrolled discretion, in violation of Article I, sections 20 and 21, of the Oregon Constitution"; (2) that the law creates an unlawful delegation issue under the Due Process Clause of the Fourteenth Amendment to the United States Constitution[7] by containing no clear objective standards; and (3) that the law fails to provide "fair warning" of the conduct that it prohibits as required under the Due Process Clause. *Id.*

Defendant acknowledges that OAR 253-08-002(1)(b) (1989) provides a nonexclusive list of aggravating factors that a court may consider in determining whether "substantial and compelling" reasons for departure exist. Defendant does not specifically challenge the vagueness of any aggravating fact that is included in that nonexclusive list. Rather, defendant argues that the list of examples, together with other aggravating facts that have been recognized under the existing case law, defies definition. Thus, according to defendant, the rule provides the judiciary with uncontrolled discretion to impose departure sentences on grounds *other than those listed in OAR 253-08-002(1)(b) (1989)* without clear legislative direction and without providing fair warning to

---

[7] The Fourteenth Amendment to the United States Constitution provides, in part, "[N]or shall any State deprive any person of life, liberty, or property, without due process of law."

defendants. Thus, defendant's argument depends on a predicate assumption—that the adoption of the sentencing guidelines, including the nonexclusive list of aggravating factors, does not cure any vagueness issue that the phrase "substantial and compelling" may present.

Again, the problem with defendant's argument is that, whatever merit it might have in other cases,[8] the argument fails when applied to *this* case. Here, two of the four aggravating facts that the state alleged against defendant are specifically included in the nonexclusive list of aggravating factors; as alleged in the state's notice of intent to prove aggravating facts, those two aggravating facts are:

"1)   The defendant demonstrated deliberate cruelty toward the victim[.]

"2)   The defendant used a dangerous weapon in the commission of this crime."

OAR 253-08-002(1)(b) (1989) establishes, as aggravating factors,

"(A)   Deliberate cruelty to victim.

"* * * * *

"(E)   Use of a weapon in the commission of the offense."

Thus, even if defendant is correct that the term "aggravating factors" is unconstitutionally vague with respect to factors not specifically itemized in OAR 253-08-002(1)(b) (1989), his argument necessarily fails with respect to at least two of the aggravating facts alleged by the state in this case. Accordingly, because at least two of the aggravating facts alleged by the state necessarily survive defendant's void for vagueness challenge, defendant has failed to show that no departure sentence under the guidelines could be constitutionally applied against him. We reject defendant's third proffered alternative basis for affirmance.

## IV.   CONCLUSION

The trial court erred in concluding that the sentencing guidelines were unconstitutional as the product of unconstitutional delegation of legislative authority to the

---

[8] *But see State v. Gallegos*, 217 Or App 248, 174 P3d 1086 (2007), *rev den*, 344 Or 670 (2008).

executive branch of government. In addition, each of defendant's proposed alternate bases for affirmance is unpersuasive. The trial court erred by failing to impose sentence in accordance with the guidelines.

Reversed and remanded for resentencing.