Argued and submitted July 9, on respondent's motion to dismiss filed September 28, petitioner's response filed October 6, and respondent's reply filed October 20, motion to dismiss granted; judicial review dismissed as moot December 16, 2009

ORVILLE JAMES RONDEAU,
*Petitioner,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A132784

222 P3d 753

Walter J. Ledesma argued the cause and filed the opening brief for petitioner. Orville James Rondeau filed the supplemental brief *pro se*.

Jeremy C. Rice, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

## LANDAU, P. J.

Petitioner pleaded guilty to murder committed in 1993 and was sentenced to 120 months in prison, to be followed by post-prison supervision (PPS) for life. He was released on PPS in 2001. He seeks judicial review of a March 9, 2005, order of the Board of Parole and Post-Prison Supervision, in which the board determined that petitioner had violated conditions of PPS and imposed a sanction of 60 months' imprisonment. According to petitioner, his PPS violation was merely "technical" in nature, and, under the applicable rule in effect at the time that he committed his crime, the maximum incarceration sanction that the board was authorized to impose for the violation was 90 days.

The board moves to dismiss judicial review on the ground that petitioner was re-released on PPS in September 2009 and, in light of the fact that petitioner was sentenced to lifetime PPS, the imposition of a 60-month sanction can have no collateral consequences, such as those relating to the proper calculation of the expiration of a determinate PPS term. *See Baty v. Slater*, 161 Or App 653, 984 P2d 342 (1999), *adh'd to on recons*, 164 Or App 779, 995 P2d 1176, *rev den*, 331 Or 191 (2000) (error affecting proper calculation of commencement date of determinate PPS term also affects calculation of expiration date of PPS term; accordingly, fact that offender had been released on PPS did not render challenge to computation of preceding incarceration term moot).

Petitioner responds that his PPS term is not an indeterminate life term because the board's order states that it ends in 2499. He further argues that the trial court erred in imposing a lifetime PPS term because that requirement was not in effect when he committed his crime. Finally, he argues that the board's imposition of a 60-month sanction affects not only the proper calculation of the expiration of his PPS term, but also the proper calculation of the time period during which he will be under active supervision. For all of those reasons, he urges us to determine that the matter is not moot.

The board replies that its notation that petitioner's PPS term expires in 2499 is for "tracking" purposes and that the notation, as well as another notation that his term ends

in 9999, is intended to indicate that he is sentenced to lifetime PPS. The board also notes that the rule requiring the imposition of lifetime PPS for murder was in effect at the time petitioner committed his crime. Finally, the board argues that, regardless of the length of petitioner's PPS sanction and, therefore, the particular date on which he was released, the board was required to place him on active supervision for a specified amount of time; that the sole difference between active and inactive supervision relates to the payment of supervision fees, which he would have had to pay regardless of when he paid them; and that, in any event, because the board has discretion to maintain him on active supervision beyond the required period, whether the board's 60-month sanction will result in his remaining on active supervision until a later date than otherwise might have been the case is purely a matter of speculation.

As an initial matter, we reject petitioner's argument that notations on the board's orders that his PPS term ends in 2499 or 9999 render the term determinate; it is apparent that those entries were made for information technology purposes only. We further agree with the board that, in light of petitioner's indeterminate lifetime term of PPS—which the trial court was authorized to impose, *see Jones v. Board of Parole*, 231 Or App 256, 259-60, 218 P3d 904 (2009) (so noting; referring to *former* OAR 253-05-004 (Sept 1, 1989), *renumbered as* OAR 213-005-0004)—his re-release following service of his PPS sanction, even if untimely, creates no collateral consequence relating to the expiration of his PPS term. Finally, we agree that it is speculative at best whether any error in the board's order will result in adverse consequences to petitioner relating to the duration of active supervision or other aspects of his lifetime PPS term. We therefore grant the board's motion to dismiss.

Motion to dismiss granted; judicial review dismissed as moot.